TRIFARI, KRUSSMAN & FISHEL, Inc., Plaintiff,

v.

CHAREL CO., Inc. and Charel Jewelry Co., Inc., Defendants.

United States District Court
S. D. New York.
Sept. 28, 1955.

**552**

Sullivan, Donovan, Hanrahan, McGovern & Lane, William H. Coogan, Pennie, Edmonds, Morton, Barrows & Taylor, New York City, Thomas F. Reddy, Jr., New York City, of counsel, for plaintiff.

Harry Price, New York City, for defendants.

BICKS, District Judge.

Plaintiff, owner of a copyright in an article of costume jewelry, moves for a preliminary injunction to restrain an alleged infringement thereof. Plagiarism as well as validity of the copyright are stoutly denied. The grounds of invalidity alleged are threefold, viz.: ineligibility of costume jewelry generally for copyright protection, lack of originality and inadequacy of notice of the copyright.

Characterizing plaintiff's product disparagingly as "junk jewelry" defendant urges that it does not rise to the dignity of a "work of art." In defining the scope of the term "works of art" as used in Section 5(g) of the Copyright Act, 17 U. S.C.A., the Supreme Court has said: "we can hardly do better than the words of the present Regulation, § 202.8 * * * naming the things that appertain to the arts." Mazer v. Stein, 1954, 347 U.S. 201, 202, 214, 74 S.Ct. 460, 468, 98 L.Ed. 630. The Regulation, 37 C.F.R.1949, 17 U.S.C.A. following section 207, provides:

"§ 202.8 Works of art (Class G) —(a) In general. This class includes works of artistic craftsmanship, in so far as their form but not their mechanical or utilitarian aspects are concerned, such as *artistic jewelry*, enamels, glassware, and tapestries, as well as all works belonging to the fine arts, such as paintings, drawings and sculpture. * * *" (Emphasis supplied.)

■■■ The relative artistic merit of a work is not material in determining eligibility for copyright. As Mr. Justice Holmes warned in Bleistein v. Donaldson Lithographing Co., 1903, 188 U.S. 239, 251–252, 23 S.Ct. 298, 300, 47 L.Ed. 460:

"It would be a dangerous undertaking for persons trained only to the law to constitute themselves final judges of the worth of pictorial illustrations, outside of the narrowest and most obvious limits. At the one extreme, some works of genius would be sure to miss appreciation. Their very novelty would make them repulsive until the public had learned the new language in which their author spoke. * * * At the

other end, copyright would be denied to pictures which appealed to a public less educated than the judge. Yet if they command the interest of any public, they have a commercial value,—it would be bold to say that they have not an aesthetic and educational value,—and the taste of any public is not to be treated with contempt. * * * "

Artistic expression may take innumerable forms; "[i] individual preception of the beautiful is too varied a power to permit a narrow or rigid concept of art." Mazer v. Stein, supra, 347 U.S. at page 214, 74 S.Ct. at page 468. Costume jewelry may express the artistic conception of its "author" no less than a painting or a statue. Original individual expression whether in the form of sculptured plaster show dogs, F. W. Woolworth Co. v. Contemporary Arts, 1 Cir., 1951, 193 F. 2d 162, affirmed 1952, 344 U.S. 228, 73 S. Ct. 222, 97 L.Ed. 276, chimpanzee dolls, Rushton Co. v. Vitale, 2 Cir., 1955, 218 F.2d 434, or a piece of costume jewelry is entitled to copyright protection and generally that right is not dependent upon judicial appraisal of its artistic merit. A necklace, like a circus poster or a book, is not to be denied the benefits of the Copyright Act because it may not attain the same recognition as is accorded the work of a renowned artist. So long as the material for which copyright is sought exhibits some degree of individuality so that the court is convinced that the author has created an original, tangible expression of an idea rather than a merely pleasing form dictated solely by functional considerations, copyright registration is available. It is this expression which the copyright statute is designed to protect. Baker v. Selden, 1879, 101 U.S. 99, 25 L.Ed. 841. In the case of costume jewelry, while the overall form is to some extent pre-determined by the use for which it is intended, the creator is free to express his idea of beauty in many ways. Unlike an automobile, a refrigerator or a gas range the design of a necklace or of a bracelet, may take as many forms as the ingenuity of the artist may conceive. There is neither basis in the Copyright Act nor judicial precedent for excluding costume jewelry from works of art to which copyright protection may attach. Simply because it is a commonplace fashion accessory, not an expression of "pure" or "fine" art does not preclude a finding that plaintiff's copyrighted article is a "work of art" within the meaning and intendment of the Act.

The work of art copyrighted by plaintiff is an article of ladies costume jewelry consisting of a series of half beads or "cabs", each surrounded by a narrow graduated rim of gold colored metal which folds around and over parts of the cab in such manner that the connecting links between the cabs are effectively concealed. Defendant urges that this article is devoid of originality because cab necklaces had been manufactured by many firms prior to the effective date of the copyright. That cab necklaces had previously been manufactured does not foreclose copyright of an article which in whole or in part consists of a cab. It is not the idea of the use of the cab which is the subject of the copyright but rather the author's artistic expression which reflects a distinguishable variation from what had gone before. The copyrighted matter need not be strikingly unique or novel. All that is needed is that the author contribute more than a merely trivial variation, something recognizably his own. Alfred Bell & Co. v. Catalda Fine Arts, Inc., 2 Cir., 1951, 191 F.2d 99. An examination of the earlier necklaces submitted by defendant satisfies the Court that plaintiff has contributed something substantial of its own to the prior art. That is all it need do to entitle it to copyright protection. Fred Fisher, Inc., v. Dillingham, D.C.S.D.N.Y. 1924, 298 F. 145.

The defendant cites Smith v. Wilkinson, D.C.D.N.H.1937, 19 F.Supp. 841; Smith v. Bartlett, D.C.D.Me.1937, 18 F.Supp. 35, and Strauss v. Penn. Printing & Publishing Co., D.C.E.D.Pa., 1915, 220 F. 977, in support of its contention that plaintiff's notice of copy-

**554**

right does not meet the requirements of Section 19 of the Copyright Act, 17 U.S.C.A. In those cases the copyright notices were indistinguishable to the naked eye. Plaintiff's notice appears on the clasp of the copyrighted article and is in the form of a "c" enclosed within a circle, together with the name of the copyright owner. It is located at the place where according to the custom and usage in the industry, the name of the maker of the article usually appears. The notice is clearly legible though it is true that it is in small letters and close examination is required to locate it. The nature of the copyrighted article is such that the area in which the notice may be placed is necessarily limited. It is so located, however, as to apprise anyone seeking to copy the article, of the existence of the copyright and is, therefore, sufficient to satisfy the statutory requirements. See Shapiro, Bernstein & Co., Inc., v. Jerry Vogel Music Co., Inc., 2 Cir., 1946, 161 F.2d 406, certiorari denied 1947, 331 U.S. 820, 67 S.Ct. 1310, 91 L.Ed. 1837.

Defendant's denial of access to and copying of plaintiff's copyrighted article is less than convincing. Plaintiff's jewelry was made during the summer of 1954 and exhibited to the trade during January 1955. It was advertised in a fashion magazine of national circulation on February 8, 1955. The understandable interest of a manufacturer of fashion items in the wares of his competitor suggests the great likelihood that defendant had knowledge of plaintiff's product. Indeed defendant does not claim to have made its jewelry until February or March 1955. The foregoing, together with the substantial identity of defendant's product to plaintiff's copyrighted article, satisfies the Court that plaintiff has established a prima facie case of infringement. The market for the copyrighted article appears to be seasonal and under all the circumstances a preliminary injunction is warranted. Rushton Co. v. Vitale, supra; American Code Co. v. Bensinger, 2 Cir., 1922, 282 F. 829.

Settle order on notice.