**HOLLYWOOD JEWELRY MFG. CO., Inc., Plaintiff,**

v.

**Robert DUSHKIN, Defendant.**

United States District Court
S. D. New York.
Nov. 29, 1955.

Fieldman & Fieldman, Seaford, N. Y., by Louis Fieldman, Seaford, N. Y., of counsel, for plaintiff.

Harry Greenspan, Nickel & Bader, New York City, by I. Walton Bader, New York City, of counsel, for defendant.

EDELSTEIN, District Judge.

Plaintiff, as holder of separate copyrights on 14 items of costume jewelry, is suing under the Copyright Law, Title 17 U.S.Code, for an injunction restraining defendant from manufacturing, selling or offering for sale 14 items of costume jewelry claimed to be copies of the plaintiff's products. The complaint also seeks statutory damages, costs, disbursements and a reasonable counsel fee. The case was tried to the court without a jury.

A side by side comparison between the plaintiff's and defendant's products reveals a remarkable similarity between the two, in each of the 14 pairs of items. The cups in which the jewels are placed in defendant's items appear to be identical with the cups in the plaintiff's pieces. However, the plaintiff's items have prongs around the cups for holding the stones, while the defendant's lack prongs. The reason for this difference is apparent when it is seen that in the defendant's jewelry the stones are pasted in. Nevertheless, around each cup in every one of the defendant's items are the bases of the prongs which have obviously been cut off, from locations coinciding with those where the plaintiff's prongs are. Furthermore, on the plaintiff's jewelry, the copyright notice appears on little bars on the back of each item. These bars have no function except to enable the plaintiff to write his copyright legend on them, yet these bars, minus the legend, appear on each of the corresponding items of the defendant. And, most significantly, in the plaintiff's necklaces and bracelets the bar with the copyright notice appears only on one link, and in the defendant's corresponding pieces, the bar again appears, minus the legend, in the corresponding link.

There are some differences in the color of the stones used by the plaintiff and defendant and, if the inexpert eye is not deceived, some differences in shape of stones. However, these differences would seem to result from the attempt to produce more inexpensively. Indeed, the overall impression gained from comparing the plaintiff's product with the defendant's is that the latter is a cheaper imitation of the former.

■ That costume jewelry is subject to copyright is not disputed. Trifari, Krussman & Fishel, Inc., v. Charel Co., Inc., D.C., 134 F.Supp. 551, Bicks, J. But the defendant has denied copying the plaintiff's jewelry. There has been no direct proof of access or copying. "But the charge of infringement does not fail merely because the infringer is not caught in the act, for access may be inferred or found circumstantially * *." Wilkie v. Santly Bros., 2 Cir., 91 F.2d 978, 979. The similarities between 14 of the plaintiff's items and 14 of the defendant's pass the bounds of accident and are beyond explanation by coincidence. The burden of proving copying is on the plaintiff, but when he has made a strong prima facie case by pointing out a convincing number of similarities, the burden of going forward with evidence explaining such similarities is on the defendant. General Drafting Co. v. Andrews, 2 Cir., 37 F.2d 54; Frank Shepard Co. v. Zachary P. Taylor Pub. Co., 2 Cir., 193 F. 991; Home Art v. Glensder Textile Corporation, D.C., 81 F.Supp. 551; R. R. Donnelley & Sons

Co. v. Haber, D.C., 43 F.Supp. 456. The defendant has made no attempt to meet that burden. I conclude, therefore, that the defendant did copy the plaintiff's jewelry in each of the fourteen instances.

But the defendant argues that, even if it be found that he did copy the plaintiff's jewelry, he may not be found to have infringed, for two reasons: because the copyright notice on the plaintiff's articles is legally defective; and because the copyrights are in any event invalid in that they involve matter within the public domain.

Section 19 of Title 17 U.S.Code, provides that the notice of copyright shall include the name of the copyright proprietor. Plaintiff's certificates of registration are in the name of Hollywood Jewelry Mfg. Co., Inc. D/B/A Hollycraft. The notice on the plaintiff's articles, however, merely sets forth the trade name "Hollycraft", omitting the corporate name of the copyright proprietor. The omission of the corporate name in no way disguised the identity of the party who had registered the copyright. Indeed, the notice as given would seem to reveal that identity, inasmuch as the trade name appears to have been in widespread use by the plaintiff for a period of years. "The purpose of the statute's requirement as to notice is to prevent innocent persons who are unaware of the existence of the copyright from suffering for making use of the copyrighted article. * * * A reasonable construction of the statutory requirement shows that the name of the copyright proprietor, is sufficient in form, if it gives notice of copyright to one who is looking for the truth and who desires to avoid infringement. Fleischer Studios v. Ralph A. Freundlich, Inc., 2 Cir., 73 F.2d 276, 277; Allen v. Walt Disney Productions, D.C., 41 F.Supp. 134. The notice by trade name appears to be sufficient. Werckmeister v. Springer Lithographing Co., C.C., 63 F. 808.

Upon the trial the defendant introduced a number of expired design patents, and the plaintiff's designer acknowledged familiarity with two of them. Section 8 of Title 17 provides: "No copyright shall subsist in the original text of any work which is in the public domain * * *". It is argued that plaintiff's copyrighted articles are in the public domain, as indicated by the expired design patents, and therefore are invalidly copyrighted. I assume this argument of copyright invalidity is based on a contention that plaintiff copied from materials in the public domain, inasmuch as the originality to support a copyright " 'means little more than a prohibition of actual copying.' " Alfred Bell & Co. v. Catalda Fine Arts, 2 Cir., 191 F.2d 99, 103. I do not find that the plaintiff copied from materials in the public domain. In my opinion, the plaintiff's articles of costume jewelry involve distinguishable variations that are more than merely trivial, Alfred Bell & Co. v. Catalda Fine Arts, supra, and the copyrights are free of the alleged defect.