253 F.2d 948
 Marcel BOUCHER d/b/a Boucher, and Marcel Boucher and Jeanne Boucher d/b/a Marcel Boucher et Cie., Plaintiffs-Appellees,
v.
DU BOYES, Inc., Arke, Inc., Capri Jewelry, Inc., Jules Steinberg, Morris Kimmelman, Hyman Slovitt, Abraham J. Slovitt and Samuel Friedman d/b/a B. Steinberg-Kaslo Company (sued as Jules Steinberg and I. Slovitz d/b/a B. Steinberg-Kaslo Company), Volupte, Inc., and Walter Heimler, Inc., Defendants-Appellants.
 No. 246.
 Docket 24582.
 United States Court of Appeals Second Circuit.
 Argued March 13, 1958.
 Decided April 7, 1958.
 
 Forsythe, McGovern & Fetzer, New York City (Thomas A. McGovern, Burton L. Knapp, New York City, of counsel), for plaintiffs-appellees.
 Maxwell E. Sparrow, New York City, for defendants-appellants.
 Before CLARK, Chief Judge, HINCKS, Circuit Judge, and BRENNAN, District Judge.
 PER CURIAM.
 
 
 1
 It is not seriously disputed that defendants manufactured and sold carbon copies of certain items of costume jewelry which had been registered in accordance with the Copyright Act as works of art.
 
 
 2
 The defendants' contentions upon this appeal are addressed to the technical requirements of the provisions of the Act, together with a claim that the items in question, designed and manufactured by the plaintiffs are not copyrightable subject matter and entitled to protection under the Copyright Law. The latter claim is untenable. The decision in Mazer v. Stein, 347 U.S. 201, 74 S.Ct. 460, 98 L.Ed. 630, in which the regulation, authorizing the registration of items of artistic jewelry, is cited, is a complete answer to such contention (37 C.F.R.1949, § 202.8).
 
 
 3
 The trial court found that the defendants deliberately copied plaintiffs' copyrighted articles of costume jewelry; that said items were artistic in nature and were marked in compliance with the statute. The evidence adequately supports the findings and it is necessary only to comment upon one additional contention made by the defendants.
 
 
 4
 Plaintiffs' earrings were sold in sets of two. The copyright notice was stamped upon only one earring of each set and it is therefore contended that such a notice was insufficient under the statute. The argument seems to be based on evidence to the effect that a single earring may be used as a dress ornament or clip and that some of the defendants' earrings were sold singly for that purpose. The contention is rejected. Because earrings might be used singly does not mean that they are separate works of art. The plaintiffs invariably sold them in pairs. Each pair was considered as a unit. Patterson v. Century Productions, 2 Cir., 93 F.2d 489, certiorari denied 303 U.S. 655, 58 S.Ct. 759, 82 L.Ed. 1114; Lydiard-Peterson Co. v. Woodman, 8 Cir., 204 F. 921. A somewhat similar argument, addressed to plaintiffs' necklaces, is invalid since each carried a copyright notice on one of the integral parts.
 
 
 5
 Plaintiffs request an allowance of additional attorneys' fees for this appeal. In view of the deliberate nature of the infringement and the lack of substance to the defendant's contention on this appeal, the request has received consideration. An allowance for attorneys' fees has already been made below. Under the circumstances, an additional allowance of Five Hundred Dollars is made to the plaintiffs for the services of counsel on this appeal.
 
 
 6
 Affirmed.