DAN KASOFF, INC., Plaintiff,

v.

PALMER JEWELRY MFG. CO., Inc.,
Defendant.

DAN KASOFF, INC., Plaintiff,

v.

Max ALPERN, Bertha Alpern, Murray
Alpern and Claire Covner, co-partners
trading as Damaks Jewelry Co., Defendants.

United States District Court
S. D. New York.

Jan. 14, 1959.

Charles Sonnenreich, New York City,
for plaintiff.

Morton A. Bernstein, New York City,
for defendants.

LEIBELL, District Judge.

The above actions were consolidated for the purpose of a joint trial, on stipulation of the attorneys dated June 12, 1957.

The action against Palmer Jewelry Mfg. Co. Inc. was commenced December 4, 1956. An amended complaint was filed December 18th. It alleged that plaintiff, as the employer of designers who design new and creative costume jewelry, is the author and proprietor of designs so created and was such at the time of securing copyright and registering claims thereto. It charged that the defendant, Palmer Jewelry Mfg. Co., Inc. had infringed the plaintiff's copyrights for designs for articles of costume jewelry, for which Certificates of Registration had been issued as follows:—No. GP10720 (Ex. 4) for a bracelet having a motif of a stylized figure 8, plaintiff's item 5114B; No. GP11446 (Ex. 10) for plaintiff's item 5113N, a necklace with a center motif which was repeated in plaintiff's items 5113B2 and 5113E; and No. GP10719 (Ex. 7) for plaintiff's earring item 5114E. The Palmer Co. manufactured and sold costume jewelry which copied the plaintiff's aforesaid designs, which were original with plaintiff. Photographs of plaintiff's copyrighted designs and of defendant, Palmer Jewelry Mfg. Co.'s infringing copies were annexed to the complaint and the amended complaint.

The amended complaint also alleged that plaintiff was the owner and user of the trademark "Florenza" registered in the United States Patent Office, Registration No. 635,564 (Ex. 2). In addition to the charges of copyright infringement, a charge of unfair competition was alleged. The latter charge was abandoned at the trial.

When defendant Palmer persisted in its infringement after notice, plaintiff moved for a preliminary injunction pending the determination of the action against said defendant. The injunction was granted by Judge Palmieri and filed December 26, 1956. It restrained the defendant, Palmer Jewelry Mfg. Co., Inc., its officers, agents, servants and employees from manufacturing, selling and distributing jewelry simulating in appearance plaintiff's styles 5114B, 5114E, 5113B2 and 5113E. Plaintiff's item 5113N, a necklace, was not included in the preliminary injunction because the defendant did not manufacture any necklace copy. The registration No. GP11446 for the necklace 5113N covered the same center design used in plaintiff's items 5113B1, 5113B2 and 5113E. That was the effect of the ruling of the Copyright Office in its explanatory letter to plaintiff dated October 15, 1956 (Ex. 15) which modified and corrected an earlier ruling in a letter of June 27, 1956 (Ex. 16).

On January 7, 1957, plaintiff filed a separate complaint in this court against the three Alperns and Claire Covner, copartners trading as Damaks Jewelry Co., wholesalers, charging that they had offered for sale and had sold to retailers certain Palmer infringing bracelet and earring items, and by so doing had committed acts of infringement for which they were severally liable. Shapiro, Bernstein & Co. v. Goody, 2 Cir., 248 F.2d 260, 267, certiorari denied 355 U.S. 952, 78 S.Ct. 536, 2 L.Ed.2d 529. On March 11, 1957, plaintiff took the deposition of Archie Arno, Secretary and Treasurer of the defendant, Palmer Jewelry Mfg. Co., Inc., and of Murray Alpern, one of the partners trading as Damaks Jewelry Co.

The two consolidated actions came on for trial before me on December 17th and 18th. The attorneys were given an opportunity to submit proposed findings and post trial briefs. Findings of Fact and Conclusions of Law are being filed in each case, together with this opinion.

One of plaintiff's copyrighted designs was for a costume jewelry necklace, containing a large center piece, or motif, which was repeated in the earrings and bracelet of the set (Exs. 21, 23 and 22). The design was the work of Dan Kasoff, the president of the plaintiff corporation, for which he did the designing.

The necklace (Ex. 9) was known as style 5113N in plaintiff's records and was protected by copyright No. GP11446 (Exs. 10 and 21). That copyright protected also a bracelet (Ex. 13) style 5113B2 and earrings (Ex. 11) style No. 5113E employing the same center design of item 5113N. Another copyright No. GP10720 (Ex. 4) was for plaintiff's flexible bracelet (Ex. 3) of another design, style 5114B. A third copyright No. GP10719 (Ex. 7) covered the earrings (Ex. 6) of that design. All three copyright registration applications were duly registered by plaintiff on the same day, May 7, 1956, in the United States Copyright Office and stated the first date of sale in each case as February 20, 1956.

■ Plaintiff's above copyrights have been infringed by bracelets and earrings manufactured by the defendant, Palmer Jewelry Mfg. Co., Inc. named in one action, and sold by Alpern et al., co-partners trading as Damaks Jewelry Co., wholesalers or distributors whose customers were retailers, named as the defendants in the other action.

The defendant, Palmer Jewelry Mfg. Co., Inc., by Archie Arno, one of its officers, deliberately copied plaintiff's copyrighted designs for bracelets and earrings and infringed plaintiff's copyrights. He used the metal parts of plaintiff's design to make a new rubber mold, which formed the base for castings from which defendant's infringing bracelets and matching earrings were made. A comparison of Exhibits 12 and 14 made by Arno for Palmer, with Exhibits 11 and 13, and with Exhibits 22 and 23, made by plaintiff, demonstrates the violation by Palmer of plaintiff's copyright No. GP11446. Likewise a comparison of Exhibits 5, 5a and 8 made by Arno for Palmer with Exhibits 3 and 6 made by plaintiff establishes a violation of plaintiff's copyrights No. GP10720 and No. GP10719. Hollywood Jewelry Mfg. Co. v. Dushkin, D.C.S.D.N.Y., 136 F.Supp. 738.

Defendant Palmer's Secretary and Treasurer, Archie Arno, testified in a deposition before trial that "somebody" had sent him a bracelet and an earring to have copies made. Who the "somebody" was he could not recall. In the case of the copyright GP11446 the defendant mounted artifical pearls (Exs. 12 and 14) in the various parts of the plaintiff's design in which plaintiff had mounted glass stones, Exhibits 22 and 23.

The Palmer infringing costume jewelry copied from plaintiff's items was exhibited as a part of Palmer's display at a convention and exhibition held by Providence, R. I., in the Spring of 1956. Defendant Palmer sold the bracelets and earrings as its own design. The copying was deliberate, complete, and for the purpose of getting sales that otherwise would have enured to plaintiff's benefit. Palmer's conduct also damaged plaintiff's relations with its customers.

Defendant Palmer's infringement of plaintiff's copyrights was so clear that Judge Palmieri on plaintiff's motion granted a preliminary injunction in this case on December 26, 1956. Plaintiff had warned defendant Palmer of its infringement in July and August 1956, but Palmer rejected the warning and continued its infringement until restrained by the Court's injunction. (Exs. 25, 25A, 25B and 25C).

■ The substitution by defendant Palmer of artifical pearls in defendant's bracelet (Ex. 14) in place of the stones in plaintiff's bracelet (Ex. 23), while using the same metal design and settings, constitutes an infringement. In Boucher v. Du Boyes, Inc., 2 Cir., 253 F.2d 948, certiorari denied 357 U.S. 936, 78 S.Ct. 1384, 2 L.Ed.2d 1550, the infringer used the plaintiff's metal pin, but added rhinestones. Defendant was held to have infringed.

■ Defendant's attorney asserts that a corporation may not obtain a copyright under the statute because it could not be an "author". The Copyright Law, T. 17 U.S.C.A., in Section 1 refers to "any person" and a corporation is a person. Section 9 uses the words, "author or proprietor of any work". A corporation

may be a "proprietor", and through the joint action of its employees it may be an "author". That point has been the law for over fifty years. Edward Thompson Co. v. American Law Book Co., C.C.S.D. N.Y., 119 F.217; Mutual Advertising Co. v. Refo, C.C.D.S.C., 76 F. 961, 963; Schumacher v. Schwencke, C.C.S.D.N.Y., 25 F. 466.

Defendant's attorney also argues that the plaintiff placed its designs in the public domain by selling its specially designed costume jewelry on February 20, 1956, several months before registering its claim to a copyright thereon on May 7, 1956.

 But the costume jewelry plaintiff sold to wholesalers several months before registering the copyright, bore plaintiff's registered trade mark "Florenza" and an encircled "C" (for copyright) stamped thereon on February 20, 1956 (Exs. 18 and 19). That constituted proper "publication" of the copyrights as required by the statute. [T. 17 U.S.C.A. § 10] Hollywood Jewelry Mfg. Co. v. Dushkin, supra. The fact that plaintiff did not apply for registration (§ 11) of its copyright of the costume jewelry as a three-dimensional work of art until May 7, 1956, did not place the work in the "public domain" and make it available to all who cared to copy it. Section 13 of T. 17 U.S.C.A. in the last sentence gives the answer to that question. Tardiness in respect to the deposit of copies and registration of a duly published work, only bars the owner of the work from maintaining any action or proceeding for infringement of the copyright until he has deposited copies and registered his work. Ziegelheim v. Flohr, D.C.E.D. N.Y., 119 F.Supp. 324; Silvers v. Russell, D.C.S.D.Cal.C.D., 113 F.Supp. 119; Washingtonian Pub. Co. v. Pearson, 306 U.S. 30, 59 S.Ct. 397, 83 L.Ed. 470; Shapiro, Bernstein & Co. v. Jerry Vogel Music Co., 2 Cir., 161 F.2d 406, certiorari denied 331 U.S. 820, 67 S.Ct. 1310, 91 L. Ed. 1837; Freedman v. Milnag Leasing Corporation, D.C.S.D.N.Y., 20 F.Supp. 802.

A further contention of defendants that plaintiff's designs covered by the copyrights were not original with plaintiff has no basis in fact. A catalog of jewelry designs and Arno's testimony that the plaintiff's "S" or clef design was old, and that plaintiff's 8 design was old, did not establish these contentions. Nor did the testimony of the other defendant, Murray Alpern of Damaks Jewelry Co., help. On the other hand, plaintiff's designer Kasoff testified in detail as to his composition of the designs which plaintiff copyrighted. The idea of the use of a musical clef, or an S, or a question mark, as worked into the scroll copyrighted, was original with Kasoff in the necklace, bracelet and earrings plaintiff copyrighted. (Exs. 13 and 23) The same is true of Kasoff's use of a stylized figure 8 in his own adaptation, as the basic motif of the other bracelet (Ex. 3) and the earrings (Ex. 6) which plaintiff copyrighted.

██ That a copyright may be obtained for an original design of costume jewelry as a work of art, has been established in recent cases. The fact that the design may be used in manufacturing cheap jewelry, described by defendant as "junk" jewelry, does not deprive an original design of the benefits of a copyright.

 As Judge Bicks stated in the Trifari case, "The copyrighted matter need not be strikingly unique or novel. All that is needed is that the author contribute more than a mere trivial variation, something recognizably his own". Trifari, Krussman & Fishel, Inc. v. Charel Co., Inc., D.C.S.D.N.Y., 134 F. Supp. 551, 553; Boucher v. Du Boyes, Inc., supra. Kasoff's designs involved in this litigation more than meet that test. The principles on which the Trifari and Boucher decisions were based are found in Alfred Bell & Co. v. Catalda Fine Arts, 2 Cir., 191 F.2d 99; Stein v. Mazer, 4 Cir., 204 F.2d 472, affirmed 347 U.S. 201, 74 S.Ct. 460, 98 L.Ed. 630; and F. W. Woolworth Co. v. Contemporary Arts, 1

Cir., 193 F.2d 162, affirmed on damages, 344 U.S. 228, 73 S.Ct. 222, 97 L.Ed. 276.

An important issue in the case at bar involves damages. The opinion of the Supreme Court in the F. W. Woolworth Co. case, supra, contains a thorough discussion of the "profits" of an infringing defendant, the "damages" suffered by the copyright owner, and under what circumstances a lump sum "in lieu" of profits and damages may be awarded by the trial court as so-called "statutory damages", within the limits ($250 to $5,000) provided in § 101(b) of T. 17 U.S.C.A.

In the case at bar the records of defendant Palmer were insufficient on which to base any proof of Palmer's profits from his infringements. Palmer kept no production records. There were no records of Palmer's actual costs of manufacture, nor was there proof of all of Palmer's actual sales of the infringing bracelets. One item, Arno admitted, was a "very good number". As to the defendant, Damaks Jewelry Co., there was proof of some large purchases of the infringing barcelets and earrings from Palmer, but I am not satisfied that they represented all the purchases defendant Damaks made.

On the question of plaintiff's actual damages, the proof was insufficient. Palmer undersold plaintiff. Complaints made to plaintiff by its customers concerning defendants' competition, an absence of expected re-orders from plaintiff's customers, and the testimony of plaintiff's Secretary-Treasurer on the general effect of defendant's infringements on plaintiff's business do not furnish proof of damages that may be figured in dollars and cents. But the inadequacy of the proof as to both profits and damages, does show that this is a case for the exercise of a proper judicial discretion in fixing statutory damages, applying the principles set forth by the Supreme Court in F. W. Woolworth Co. v. Contemporary Arts, 344 U.S. 228, 73 S.Ct. 222, 97 L.Ed. 276:

"Few bodies of law would be more difficult to reduce to a short and simple formula than that which determines the measure of damage recoverable for actionable wrongs. The necessary flexibility to do justice in the variety of situations which copyright cases present can be achieved only by exercise of the wide judicial discretion within limited amounts conferred by this statute. It is plain that the court's choice between a computed measure of damage and that imputed by statute cannot be controlled by the infringer's admission of his profits which might be greatly exceeded by the damage inflicted. Indeed sales at a small margin might cause more damage to the copyright proprietor than sales of the infringing article at a higher price." 344 U.S. at page 232, 73 S.Ct. at page 225.

\* \* \* \* \* \*

"Moreover, a rule of liability which merely takes away the profits from an infringement would offer little discouragement to infringers. It would fall short of an effective sanction for enforcement of the copyright policy. The statutory rule, formulated after long experience, not merely compels restitution of profit and reparation for injury but also is designed to discourage wrongful conduct. The discretion of the court is wide enough to permit a resort to statutory damages for such purposes. Even for uninjurious and unprofitable invasions of copyright the court may, if it deems it just, impose a liability within statutory limits to sanction and vindicate the statutory policy." 344 U.S. at page 233, 73 S.Ct. at page 225.

I have signed findings of fact and conclusions of law in both cases. I have awarded plaintiff statutory damages of $3,000 plus a $1,500 attorney's fee as against the defendant, Palmer Jewelry Mfg. Co., Inc., in one action; and statutory damages of $1,500 plus $750 attorney's fee against Max Alpern, Bertha Alpern, Murray Alpern and Claire Cov-

**608**

ner, co-partners trading as Damaks Jewelry Co., in the other action. Injunctive and other relief has also been ordered in the Court's conclusions of law.