**DAN KASOFF, INC., Plaintiff,**

v.

**GRESCO JEWELRY CO., Inc., Defendant.**

United States District Court
S. D. New York.
April 30, 1962.

Charles Sonnenreich, New York City, for plaintiff.

Edward M. Squire, New York City, for defendant.

BONSAL, District Judge.

Plaintiff brings this action claiming copyright infringement under 17 U.S.C. § 101 and unfair competition under 28 U.S.C. § 1338(b). Both plaintiff and defendant have moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.

The plaintiff is a well-known designer of costume jewelry and boutiques. His creations have a reputation for originality and novelty. On March 18, 1960 plaintiff first placed on sale and publicly distributed a boutique, its own original ornamental version of a ring box made of non-precious metal and material with a highly stylized cover. It is this boutique which is the subject of this suit. The back of the box's cover bears the lengend "FLORENZA ©". FLORENZA is the trade name and mark of the plaintiff, registered with the United States Patent Office, October 9, 1956 (Registration No. 635,564).

On June 1, 1960 Certificate of Registration No. Gp 25000 was issued by the Register of Copyrights covering this boutique. On the certificate the author (artist) listed is the plaintiff, Dan Kasoff, Inc., and the name of the Copyright

Claimant given is " 'FLORENZA' accepted alternative designation of Dan Kasoff, Inc.".

The defendant has produced and sold an almost identical copy of the plaintiff's boutique. The only discernible difference is the inferior finish and construction of the defendant's product. The defendant's access and copying are not denied, nor is its notice of the plaintiff's copyright. There remain three issues to be resolved: (1) Is the plaintiff's copyright notice legible? (2) If it is legible, has it failed to comply with § 19 of the Copyright Act (17 U.S.C. § 19) in that the alleged owner of the copyright is not properly identified? (3) Is this the attempted copyright of a utilitarian object which is not subject to copyright protection?

▮ The issue as to the legibility of plaintiff's notice of copyright is without substance. The exhibit submitted to the Court and the Copyright Office's picture of the boutique they have on deposit both clearly show "FLORENZA ©" stamped on the back of the box's cover. The legend is readily apparent to the naked eye.

▮ The second issue concerns whether the plaintiff is properly identified as the copyright owner. Plaintiff has used its trademark FLORENZA rather than "Dan Kasoff, Inc." to identify itself. The same issue was raised before Judge MacMahon of this Court in Dan Kasoff, Inc. v. Novelty Jewelry Co., Inc., Miscellaneous No. 153–205, January 29, 1962. Judge MacMahon found the plaintiff had been using the trade name and mark FLORENZA since February 20, 1956 and had extensively advertised it in various trade publications so that it became known in the trade as indicative of the plaintiff. It was held that the use of FLORENZA with a "c" in a circle following it was sufficient compliance with the Copyright Act. In Dan Kasoff, Inc. v. Palmer Jewelry Mfg. Co., 171 F. Supp. 603 (S.D.N.Y.1959) it was held that "FLORENZA (c)" was a proper publication of the copyright as required by the statute.

In the interpretation of § 19 of the Copyright Act it has been held that "any notice will serve which does in fact advise [the public] that there is a 'proprietor' who does claim copyright, provided the notice does not affirmatively mislead." National Comics Publ. v. Fawcett Publications, 191 F.2d 594, 602 (2d Cir. 1951). In the same case the court went on to say "We are unwilling to allow a barefaced infringer to invoke an innocent deviation from the letter that could not in the slightest degree have prejudiced him or the public". National Comics, at 603. I think it is obvious in the present case that the plaintiff has been sufficiently identified as the copyright owner.

The third and last issue is whether this boutique or small ornamental box which can be used as a container for rings or other small items of jewelry is a utilitarian object which is not subject to copyright protection.

Plaintiff's boutique was accepted for copyright under 17 U.S.C. § 5(g) which provides for the registration of a work of art or a model or design for a work of art. The leading case of Mazer v. Stein, 347 U.S. 201, 74 S.Ct. 460, 98 L. Ed. 630 (1954) held that statuettes intended primarily for use as electric lamp bases were copyrightable as works of art. The court stated, "We find nothing in the copyright statute to support the argument that the intended use or use in industry of an article eligible for copyright bars or invalidates its registration. We do not read such limitation into the copyright law." Mazer, at 218, 74 S.Ct. at 471, 98 L.Ed. 630. Accord, Rosenthal v. Stein, 205 F.2d 633 (9th Cir. 1953); see also, Boucher v. Du Boyes, Inc., 253 F.2d 948 (2d Cir. 1958).

▮ I find that the plaintiff's boutique presents a novel and original design. The claim that this is not copyrightable under the Copyright law is untenable. Boucher, supra at 949.

The defendant is an admittedly wilful infringer of plaintiff's copyright. Its sole defenses, other than the trivial one of an illegible notice, are legal in char-

**696**

acter. There are no genuine issues of material fact. Plaintiff's motion for summary judgment in its favor is granted. Defendant's cross-motion is denied.

The defendant and all persons under its direction and control are permanently enjoined from directly or indirectly copying, distributing or offering for sale plaintiff's copyrighted work (Certificate of Registration No. Gp 25000) or any imitation thereof, or in any way infringing or contributing to the infringement of this copyright. The plaintiff is awarded statutory damages of $1,500. 17 U.S.C. § 101(b). Costs of this action will be paid by the defendant and a reasonable attorney's fee will be awarded the plaintiff.

In accordance with 17 U.S.C. § 101(d) defendant will deliver up on oath for destruction all infringing copies as well as all means for making such copies.

Settle order on notice.