**HERBERT ROSENTHAL JEWELRY CORPORATION, Plaintiff-Appellant,**

v.

**HONORA JEWELRY CO, INC., et al., Defendants-Appellees.**

**No. 214, Docket 74–1774.**

United States Court of Appeals, Second Circuit.

Argued Nov. 20, 1974.

Decided Dec. 20, 1974.

Charles Sonnenreich, New York City, for plaintiff-appellant.

Daniel A. Pollack, New York City (Martin I. Kaminsky, Neil D. Thompson, Pollack & Singer, New York City, of counsel), for defendants-appellees.

Before SMITH, HAYS and MANSFIELD, Circuit Judges.

PER CURIAM:

The sole issue on this appeal is whether plaintiff-appellant's copyright of a design for a gold jeweled pin in the shape of a turtle is infringed by a similar-appearing pin made and sold by defendants. We agree with the district court's holding that it was not infringed and affirm its order granting summary judgment dismissing the complaint which sought damages, an accounting, injunctive and other relief.

On December 4, 1967, appellant, a designer and manufacturer of jewelry, act-

ing in apparent compliance with the copyright laws, 17 U.S.C. § 1, et seq., secured the issuance by the Register of Copyrights of a copyright of a design of its gold pin, which is in the shape of a turtle and bears an oval cluster of round precious stones on the back shell, or carapace, of the turtle. Some time in 1971 defendant Honora Jewelry Co., Inc. ("Honora"), which is controlled by the two other defendants, began producing and selling a gold turtle pin with jewels in an oval arrangement on its back, similar in appearance to appellant's pin. In 1973 appellant brought the present suit for infringement.

Appellant concedes that Honora's pin is not an exact duplicate of its piece and that appellant does not have any evidence of direct copying by defendants. Defendants, while admitting that they knew of appellant's pin and, indeed, had in 1968 produced an exact copy which led to the issuance of a decree enjoining its sale as an infringement, see Herbert Rosenthal Jewelry Corp. v. Grossbardt, 428 F.2d 551 (2d Cir. 1970), contend that the alleged infringing pin in the present case was independently created and is sufficiently different from appellant's pin to preclude the possibility of copyright infringement.

A comparison of the two pins, which were submitted to us upon oral argument and which are shown in photographic exhibits, discloses that, although there are numerous differences between the two, which have been detailed by the district court, each conforms generally to the shape of a turtle as that reptile appears in nature, with upper shell, legs, protruding head and tail. Each also bears an oval cluster of jewels on its back.

■ The threshold question is what characteristics of appellant's design have gained copyright protection. Since all turtles are created more or less along the same lines, appellant cannot, by obtaining a copyright upon one design of a turtle pin, exclude all others from manufacturing gold turtle pins on the ground that they are substantially similar in ap-

pearance. Clearly, a copyright does not offer protection of such breadth. "Unlike a patent, a copyright gives no exclusive right to the art disclosed; protection is given only to the expression of the idea—not the idea itself," Mazer v. Stein, 347 U.S. 201, 217, 74 S.Ct. 460, 470, 98 L.Ed. 630 (1954). In Herbert Rosenthal Jewelry Corp. v. Kalpakian, 446 F.2d 738 (9th Cir. 1971), a case involving a claimed infringement of a jeweled bee pin produced by these same defendants, the court said:

"We think the production of jeweled bee pins is a larger private preserve than Congress intended to be set aside in the public market without a patent. A jeweled bee pin is therefore an 'idea' that defendants were free to copy." (446 F.2d at 742).

Appellant contends that, even assuming the foregoing limitations upon the scope of protection offered by its copyright, the protection nevertheless extends to "the essence" of its design, which it describes as consisting principally of the utilization of an oval shaped cluster of 10 jewels on the back of its turtle.

■ The test of copyright infringement is whether the similarity between the products would lead "the average lay observer . . . [to] recognize the alleged copy as having been appropriated from the copyrighted work," Ideal Toy Corp. v. Fab-Lu, Ltd., 360 F.2d 1021, 1022 (2d Cir. 1966); Peter Pan Fabrics, Inc. v. Martin Weiner Corp., 274 F.2d 487 (2d Cir. 1960). Applying this test here, the district court concluded that the average layman would not find sufficient similarity in the parties' particular expressions of the idea of a jeweled turtle pin to warrant a finding of infringement. We agree.

■ Going beyond the initial observation that both pins are turtles and both are jeweled, we believe the average layman would indeed detect numerous differences, the existence of which are conceded by appellant's President, which tend to eliminate any substantial similar-

**66**

ity of protected expression.[1] The idea of placing jewels on the back of the carapace is rather obvious. Although the oval arrangement of 10 gems might at first blush appear to possess individuality of expression, further observation discloses that it merely conforms to the normal shape of the turtle's back and the pattern of its vertebrae segments, of which there are in nature not less than 10 nor more than 12. Accordingly, there being no dispute as to material factual issues, we agree with the district court's conclusion that there was no copyright infringement and affirm its order granting summary judgment dismissing appellant's complaint.

1. The differences between the two pins were described by Judge Brieant as follows:

"He [appellant's President] testified that defendant's pin, which he claims infringes, was lighter, that it was not made of nugget gold, but a reasonable imitation thereof, that the turtle's tail on Rosenthal's pin was straight, while the tail on the turtle comprising defendant's pin was somewhat curved. Plaintiff's has jewelry stones in the eyes, and the defendant's pin does not. Plaintiff's pin has flat, or paddle type feet, while defendant's pin indicates toe differentiations. Plaintiff's pin has a gold base holding it together, and defendant's pin has no such base. Plaintiff's pin has a matted finish on the head of the turtle, while defendant's turtle head has a lined finish, but Mr. Rosenthal asserted that this difference

in the finish was not observable to the naked eye.

"Plaintiff's turtle head comes out straight from the body, while the head on defendant's pin protrudes from the shell of the turtle at an angle from the body. There are twenty-seven little nubs or sections in the shell of plaintiff's, while defendant's has only ten rounded sections with straight lines. The body of plaintiff's pin consists of two pieces, with the top soldered onto the bottom frame, while defendant's appears to have been manufactured in a single piece. Defendant's pin is half the thickness or depth of plaintiff's pin (8 millimeters vs. 4 millimeters). Plaintiff's pin has a line for the mouth of the turtle, and defendant's pin has no mouth on the turtle."