CYNTHIA DESIGNS, INC., Plaintiff,

v.

ROBERT ZENTALL, INC., Defendant.

CYNTHIA DESIGNS, INC., Plaintiff,

v.

SJM JEWELRY CORP., d/b/a Jewelart, Defendant.

Nos. 76 Civ. 1170–LFM, 76 Civ. 1171–LFM.

United States District Court,
S. D. New York.

June 18, 1976.

Hubbell, Cohen, Stiefel & Gross by Sheldon Palmer, New York City, for plaintiff.

Herzfeld & Rubin, P. C. by Herbert Rubin, New York City, for Robert Zentall, Inc.

Friedlander, Gaines, Cohen, Rosenthal & Rosenberg by Martin J. Hertz, New York City, for SJM Jewelry Corp.

OPINION

MacMAHON, District Judge.

Plaintiff Cynthia Designs, Inc. ("Cynthia") moves for a preliminary injunction, pursuant to 17 U.S.C. §§ 101, 112 and Rule 65(a), Fed.R.Civ.P., in these two actions for copyright infringement. Defendant Robert Zentall, Inc. ("Zentall") cross-moves in 76 Civ. 1170 ("the Zentall action") for summary judgment dismissing the complaint, pursuant to Rule 56, Fed.R.Civ.P.

Cynthia is the designer and manufacturer of two items of jewelry which are the subject of these actions, namely, pendants in the shape of a T-shirt, cast in silver. The larger is approximately 1¾ inches in height and is the subject of the Zentall action. The smaller is approximately 1 inch in height and is the subject of 76 Civ. 1171 ("the Jewelart action").

Cynthia registered each pendant as a work of art, pursuant to 17 U.S.C. § 5(g), and the Copyright Office issued Copyright Class G, Registration No. Gp 102149 to Cynthia in October 1975 for the larger pendant, and Copyright Class G, Registration No. Gp 103372 to Cynthia in December 1975 for the smaller pendant.

Both Zentall and SJM Jewelry Corp. ("Jewelart") are engaged in the costume jewelry business, and both have manufactured T-shirt pendants. Zentall's is cast in pewter, and Jewelart's in silver. They oppose Cynthia's motions for preliminary injunctions on the grounds that plaintiff's items are not copyrightable, that they bear insufficient notice of plaintiff's copyright claim, and that neither defendant copied its product from plaintiff's. These assertions also form the basis for Jewelart's motion for summary judgment. We shall consider these contentions seriatim.

*Copyrightability*

The copyright law expressly provides that works of art are copyrightable.[1] The regulations describe "works of art" as

"works of artistic craftmanship, insofar as their form but not their mechanical or utilitarian aspects are concerned, such as *artistic jewelry,* enamels, glassware, and tapestries, as well as works belonging to the fine arts, such as paintings, drawings and sculpture."[2] (Emphasis supplied.)

Zentall and Jewelart claim, however, that since a T-shirt is an article in the public domain, a fact beyond dispute, Cynthia's attempt to copyright its rendition of a T-shirt as a pendant must fail. This contention is simply incorrect.

Defendants' reliance on two recent cases in support of their proposition is misplaced.

---

**1.** 17 U.S.C. § 5(g).

**2.** 37 C.F.R. § 202.10(a).

In *Herbert Rosenthal Jewelry Corp. v. Honora Jewelry Co.,* 509 F.2d 64 (2d Cir. 1974), the plaintiff claimed that defendant had infringed its copyrighted jeweled pin in the shape of a turtle. Similarly, in *Herbert Rosenthal Jewelry Corp. v. Kalpakian,* 446 F.2d 738 (9th Cir. 1971), the plaintiff claimed that defendant had infringed its copyrighted jeweled pin in the shape of a bee. In neither case did the court hold that plaintiff's pins were not copyrightable. Rather, the court in each case reiterated the principle that a copyright affords protection "only to the expression of the idea—not [to] the idea itself," [3] and then found defendants' items noninfringing.

Cynthia has not, in this case, attempted to claim that its copyright extends to all T-shirts, or even to all renditions of T-shirts as articles of jewelry. Cynthia merely claims that its particular expression of the T-shirt as jewelry is protected.

The courts have, on several occasions, upheld copyrights on similar items.[4] In *Alfred Bell & Co. v. Catalda Fine Arts, Inc.,* 191 F.2d 99, 102–103 (2d Cir. 1951), the Court of Appeals held that:

> "a 'copy of something in the public domain' will support a copyright if it is a 'distinguishable variation' . . . . All that is needed . . . is that the 'author' contributed something more than a 'merely trivial' variation, something recognizably 'his own.' . . . No matter how poor artistically the 'author's' addition, it is enough if it be his own." (Footnotes omitted.)

The regulations codifying this "test" provide that: "In order to be acceptable as a work of art, the work must embody some creative authorship in its delineation or form." [5]

We find, on inspection of plaintiff's pendants, that its renditions of a T-shirt as articles of jewelry required the exercise of "artistic craftsmanship" and that these pendants contain "distinguishable variations" from ordinary T-shirts in the public domain. Plaintiff's products are, therefore, copyrightable.

### Sufficiency of Copyright Notice

In order to secure a copyright, the article must be published with a notice of copyright.[6] Cynthia claims that its first publication of the larger pendant occurred on June 13, 1975, and its first publication of the smaller pendant occurred on July 9, 1975. These assertions are not disputed. Zentall and Jewelart claim, however, that the particular notice contained on plaintiff's pendants is defective and that, therefore, plaintiff has by law dedicated its work to the public domain.

The requisite form of the notice is described by statute as consisting "either of the word 'Copyright,' the abbreviation 'Copr.', or the symbol '©', accompanied by the name of the copyright proprietor . . . ." [7]

Plaintiff has placed on the back of its pendants a notice consisting of © and the letters "Cyn" in script. Defendants claim that this form inadequately identifies the copyright proprietor and is, therefore, defective.

Cynthia asserts that, less than one month after it was incorporated in May 1975, it adopted and began using "Cyn" as its trademark on all jewelry which it manufactures and that since then it has continuously used this mark. Plaintiff contends that it is known throughout the jewelry industry by that mark, a fact which defendants strongly dispute. In any event, it appears that Cynthia filed an application for registration of "Cyn" as its trademark with the United States Patent and Trademark Office on July 14, 1975. That application is pres-

---

3. *Mazer v. Stein,* 347 U.S. 201, 217, 74 S.Ct. 460, 470, 98 L.Ed. 630 (1954).

4. See, *e. g., Boucher v. Du Boyes, Inc.,* 253 F.2d 948 (2d Cir. 1958); *Trifari, Krussman & Fishel, Inc. v. B. Steinberg-Kaslo Co.,* 144 F.Supp. 577 (S.D.N.Y.1956).

5. 37 C.F.R. § 202.10(b).

6. 17 U.S.C. § 10.

7. 17 U.S.C. § 19.

ently pending. Cynthia asserts that, in light of these facts, it has, at the very least, substantially complied with the notice requirements.

■ The purpose of a copyright notice is to "advise the public of the claim . . . and to prevent innocent persons, unaware of the copyright, from incurring infringement penalties."[8] The courts, in implementing this policy, have frequently upheld copyright claims when there has been substantial compliance with the notice provisions.[9] For example, in *Dan Kasoff, Inc. v. Gresco Jewelry Co.*, 204 F.Supp. 694 (S.D.N.Y.), *aff'd*, 308 F.2d 806 (2d Cir. 1962), the court held that plaintiff's use of its trademark, rather than its corporate name, in the copyright notice was a sufficient identification of the copyright proprietor.[10]

■ In addition, federal law requires that a manufacturer of silver articles which bear a quality mark, such as "sterling," must also affix its trademark or name to those articles.[11] Cynthia's pendants, which are cast in silver, all bear the "sterling" quality mark. Thus, Cynthia has fully complied with this law by placing its trademark "Cyn" on the items. Defendants, as manufacturers of jewelry, must be charged with knowledge of the requirements of the law in this area and, therefore, should have known the "Cyn" was a trademark whose owner could be "traced" through the United States Patent and Trademark Office.

In short, we find that the notice on plaintiff's pendants is sufficient, in view of the substantial compliance with the statute.

*Copying*

Lastly, Zentall and Jewelart contend that there are substantial differences between their pendants and plaintiff's and that, therefore, their respective products are not copies of plaintiff's.

■ In order to sustain a claim of copyright infringement, the claimant is required to persuade the court, by a fair preponderance of the evidence, that there is a substantial similarity between the copyrighted work and the alleged copy.[12] The question to be answered is not whether there are differences in detail between the copyrighted and accused items when subjected to minute scrutiny, but whether the accused item is so similar to plaintiff's that an ordinary lay observer would conclude that one was copied from the other.[13]

■ We are, of course, aware that plaintiff's T-shirt pendant must always be somewhat similar to all other T-shirt pendants and that plaintiff's copyright only protects its particular expression of the idea.[14] However, those qualities which, taken as a whole, make plaintiff's pendants its own creations are entitled to full protection against unpermitted copying.

■ Applying this test for infringement, we think there is no question that an ordinary lay observer would conclude that Zentall's pendant was copied from plaintiff's larger pendant. Both are nearly identical in size, and the design of the sleeves and neckline of each is the same. One side of the bottom edge of each is slitted to give the pendants a more natural appearance. To be sure, there are some minor differ-

**8.** *Trifari, Krussman & Fishel, Inc. v. B. Steinberg-Kaslo Co.*, supra, 144 F.Supp. at 580. See also *Uneeda Doll Co. v. Goldfarb Novelty Co.*, 373 F.2d 851, 852 (2d Cir. 1967).

**9.** See, *e. g.*, *Uneeda Doll Co. v. Goldfarb Novelty Co.*, supra, 373 F.2d 851; *B & B Auto Supply, Inc. v. Plesser*, 205 F.Supp. 36 (S.D.N.Y. 1962).

**10.** See also *Doran v. Sunset House Distrib. Corp.*, 197 F.Supp. 940 (S.D.Cal.1961).

**11.** 15 U.S.C. § 297. This section requires that the trademark be registered, or that the trade-

mark owner apply for such registration within 30 days after placing it on the article.

**12.** *Ideal Toy Corp. v. Fab-Lu Ltd. (Inc.)*, 360 F.2d 1021, 1022 (2d Cir. 1966); *Peter Pan Fabrics, Inc. v. Martin Weiner Corp.*, 274 F.2d 487, 489 (2d Cir. 1960).

**13.** *Ideal Toy Corp. v. Fab-Lu Ltd. (Inc.)*, supra, 360 F.2d at 1022.

**14.** See *Herbert Rosenthal Jewelry Corp. v. Honora Jewelry Co.*, 509 F.2d 64 (2d Cir. 1974); *Herbert Rosenthal Jewelry Corp. v. Kalpakian*, 446 F.2d 738 (9th Cir. 1971).

ences in the contour of the torso section of the pendants (Cynthia's is rather straight, while Zentall's is more tapered) and in the back (Cynthia's is hammered smooth, while Zentall's is brushed). And the edging of the neck and sleeves of Cynthia's pendant is trimmed with yellow gold, while Zentall's is not. Despite these differences in details, we think that, due to the overall appearance of the pendants, the average lay observer would find the pendants to be substantially similar.

We also think that there is no question that an ordinary observer would conclude that Jewelart's pendant was copied from Cynthia's smaller pendant. They are nearly identical in size, and one side of the bottom edge of each contains a slit, similar to that on the larger pendants. The neckline on each is substantially the same, and the sleeves on the Jewelart pendant appear to be slightly abbreviated versions of those on Cynthia's pendant. Here, again, there are some minor differences between the two, such as Jewelart's somewhat more flared bottom, two indentations on the left shoulder of Jewelart's pendant, and the backs (Cynthia's is stippled, while Jewelart's is hammered smooth). However, we think that, despite these minor differences, the overall similarity in appearance would lead the average lay observer to conclude that one was copied from the other.

In our view, therefore, plaintiff will be able to show infringement of its copyright by Zentall and Jewelart, and has thus established probable success on the merits.[15] A preliminary injunction should issue if plaintiff can show a reasonable probability of prevailing on the merits.[16] Detailed proof of irreparable harm is not necessary in a copyright infringement case. "A copyright holder in the ordinary case may be presumed to suffer irreparable harm when his right to the exclusive use of the copyrighted material is invaded."[17] Plaintiff has made a sufficient showing that its right to exclusive use of its T-shirt pendants has been invaded by defendants.

Accordingly, plaintiff's motions in 76 Civ. 1170 and 76 Civ. 1171 for preliminary injunctions, pursuant to Rule 65(a), Fed.R. Civ.P., are granted. Defendant Zentall's cross-motion in 76 Civ. 1170 for summary judgment dismissing the complaint is denied.

Settle orders containing a form of injunction within ten (10) days.

---

**15.** *Concord Fabrics, Inc. v. Marcus Bros. Textile Corp.,* 409 F.2d 1315, 1317 (2d Cir. 1969) (per curiam).

**16.** *Concord Fabrics, Inc. v. Marcus Bros. Textile Corp., supra,* 409 F.2d at 1317.

**17.** *American Metropolitan Enterprises of N. Y., Inc. v. Warner Bros. Records, Inc.,* 389 F.2d 903, 905 (2d Cir. 1968).