**HASBRO INDUSTRIES, INC., Plaintiff,**

v.

**HOT ITEMS, INC., Defendant.**

**79 Civ. 3198 (KTD).**

United States District Court,
S. D. New York.

July 31, 1979.

Regan Goldfarb, Heller, Wetzler & Quinn, New York City, for plaintiff; Monte E. Wetzler, Thomas A. Holman, New York City, of counsel.

Levy & Malina, New York City, for defendant; Edward F. Levy, New York City, of counsel.

## OPINION & ORDER

KEV-IN THOMAŚ DUFFY, District Judge:

Hasbro Industries, Inc. [hereinafter referred to as "Hasbro"] commenced this action against the defendant, Hot Items, Inc. [hereinafter referred to as "Hot Items"] charging it with various copyright and trademark violations under 17 U.S.C. §§ 501–504, 15 U.S.C. § 1125(a), as well as common law unfair competition. In particular, the complaint charges that defendant's "PEG–A–LITE" toy infringes upon plaintiff's "LITE–BRITE" toy. In addition, the complaint charges that defendant's product is packaged in such a way as to infringe upon "LITE–BRITE's" packaging and dress.

Upon filing the complaint plaintiff moved, pursuant to Rule 65 of the Federal Rules of Civil Procedure, to preliminarily

enjoin the manufacture, packaging, sale, advertising and shipping of "PEG–A–LITE" by the defendant. A hearing was held before me on June 22, 1979 at which plaintiff withdrew its claims relating to the manufacture, sale, advertising or shipping of defendant's toy. Transcript at 42–43 [hereinafter referred to as "Tr."]. The sole issue, therefore, is whether defendant's toy is packaged and dressed in such a way as to infringe upon the packaging and dress of plaintiff's toy.

Pursuant to Rule 52 of the Federal Rules of Civil Procedure the following shall constitute my findings of fact and conclusions of law.

Although the instant motion does not concern either plaintiff's or defendant's product *per se*, a brief comparison of the two products (both of which were offered and received into evidence) is necessary. Plaintiff's toy consists of a three sided white plastic box housing a light bulb. A perforated black board is placed over the open face of the toy over which a solid black paper sheet is placed to prevent the interior light from escaping. Multicolored plastic pegs are then inserted through the black sheet into the perforated board below to form a picture.

Defendant's toy is based upon the same principle. However, the shape of the plastic housing and the black facing of the toy are markedly different. For example, while plaintiff's product resembles a simple white box, defendant's toy is molded into the shape of a clown with the black game board forming the bulk of the clown's body. In addition, defendant's game board consists of a perforated black screen which is lined with a solid backing. Thus, unlike plaintiff's product no black paper need be placed over the perforated board.

Although plaintiff no longer presses the argument, I find that upon even the most cursory visual inspection, it would be virtually impossible for a consumer to confuse one product with the other.

Plaintiff's lone witness was Donald Michael Robbins, presently the Vice-President, General Counsel and Secretary of Hasbro.

The testimony of Mr. Robbins tended to show the following: In 1966, pursuant to a licensing agreement, Hasbro acquired the right to manufacture and distribute its "LITE–BRITE" toy. Thereafter, in 1967, the toy was first marketed by Hasbro and has, to date, proved to be a financial success. In connection with the marketing of its product Hasbro developed certain art work and dress on its package together with instructional material which accompany its toy. This art work, dress, and instructional material has been revised periodically over the years. Each time this was done, the revision was dated next to Hasbro's copyright notice. For example, in 1973 when its art work and dress were revised, Hasbro's notice provided: ©1973 Hasbro Industries, Inc. (Plaintiff's Exhibit D). Similarly, in 1978 its notice provided: ©1978 Hasbro Industries, Inc. (Defendant's Exhibit 1). Robbins also testified that Hasbro's original package contained a similar copyright notice dated 1968.

It was not until February 7, 1979 that plaintiff registered its packaging, dress and textual material with the United States Copyright Office. On the certificate of registration, however, plaintiff stated that the copyrighted material was completed and first published in February, 1973.

Insofar as the package is concerned the art work in issue consists of:

(a) a picture of plaintiff's product;

(b) two blond haired children, one male the other female, on either side of the product completing a picture of a rooster on the peg board;

(c) the name "LITE–BRITE" in solid yellow letters underlined with multicolored circles;

(d) several examples of pictures which can be made on the peg board which include a sail boat;

(e) orange and blue lettering and images on the side of the package; and

(f) the phrase "Create beautiful pictures with . . . Light."

The instructional material which accompanies the plaintiff's product simply illustrates the product, its assembly and use.

The defendant offered the testimony of Moe Lebensfeld, the President of Hot Items. He testified that plaintiff's predecessor, Multi-State Industries, of which Moe Lebensfeld was also President, manufactured and distributed a toy called "PEG–A–LITE" between 1969 through 1972. After the termination of Multi-State and the formation of Hot Items, "PEG–A–LITE" was not reintroduced into the market until February, 1978 at the New York Toy Show. The carton in which defendant's product is presently packaged contains the following:

(a) a picture of defendants product;

(b) two children, a male with brown hair and a female with blond hair, positioned on either side of the product completing a picture of a sail boat;

(c) the name "PEG–A–LITE" in block yellow letters with colored circles inside each letter tracing its form;

(d) several examples of pictures which can be made on the toy board which include a sail boat;

(e) orange and blue lettering and images on the side of the package; and

(f) the phrase "Create Glowing Pictures with . . . PEG–A–LITE."

The instructional material which accompanies the defendant's product is an illustration of defendant's toy with instructions as to its assembly and use.

Plaintiff argues that defendant's packaging, dress and instructional material are so similar to its own that they are infringing and moves to enjoin defendant's continued use thereof. The motion is denied.[1]

■ The standard for the issuance of a preliminary injunction is well settled: The moving party must show (i) probable success on the merits *and* possible irreparable injury, or (ii) sufficiently serious questions going to the merits to make them a fair ground for litigation, a balance of hardships tipping decidedly toward the party requesting the relief and possible irreparable inju-

ry. *See, e. g., Triebwasser & Katz v. American Telephone & Telegraph Co.*, 535 F.2d 1356 (2d Cir. 1976).

■ Even assuming, without deciding, that plaintiff has demonstrated the requisite irreparable injury, it has failed to demonstrate either probable success on the merits or even a sufficiently serious question going to the merits to make them a fair ground for litigation.

Although it is apparent that there are certain similarities between the packaging, dress and textual materials of the two products, I find that these similarities arise not from an attempt by defendant to palm its product off as that of the plaintiff or to market a slavish copy thereof, but rather were inspired by the very nature of the products. In short, since the products are based upon a similar idea and principle, in marketing the products there will naturally be some similarities. For example, both products are toys for children. I am not surprised by the fact that both manufacturers display their product by using children in the midst of play. It would indeed be irregular if defendant were ordered to omit the use of children or compelled to use only adults in displaying its toy. Plaintiff also made much of the manner in which the children were positioned in relation to the product. Like plaintiff's display, the defendant has positioned the children on either side of the product both contributing to the completion of the picture. Again, however, the positioning of the children is a function of the nature of the product itself and nothing more. Indeed, any other pose would act to shield the toy's playing board.

Finally, plaintiff charges that the phrases "Create beautiful pictures with . . . Light" and "Create Glowing Pictures with . . . PEG–A–LITE", clearly demonstrate that defendant copied plaintiff's packaging. The phrases, however, are not

---

1. Defendant has raised various defenses to the instant suit including the invalidity of plaintiff's registration. Defendant charges that plaintiff's registration was fraudulent since it set 1973 as the date of creation and first publication while plaintiff now urges that 1968 was the creation and first publication date. In light of my holding herein, however, I need not decide this question at this point in the litigation.

identical. In fact, they are only remotely similar and once again the similarity is attributable to the similar nature of the products. The balance of the alleged "similarities" are likewise without merit.

Moreover, in light of the vast differences in the construction of the two products, both prominently displayed on their respective packages, there is very little likelihood that a consumer could confuse one product with the other. In sum, plaintiff has failed to demonstrate that defendant's packaging, dress and textual material is so similar to its own that a lay observer would conclude that one was copied from the other. *Cynthia Designs, Inc. v. Robert Zentall, Inc.*, 416 F.Supp. 510, 513 (S.D.N.Y.1976). Rather, it has succeeded in demonstrating only that whatever similarities may exist, are the result of two products based upon similar principles and directed to an identical segment of the public.

Accordingly, plaintiff has failed to meet its burden in its quest for preliminary relief and its motion is denied.

SO ORDERED.