**GOODSON–TODMAN ENTERPRISES, LTD., a corporation, Plaintiff,**

v.

**KELLOGG COMPANY, a corporation, and Leo Burnett Company, Inc., a corporation, Defendants.**

**Civ. No. 72–2097–F.**

United States District Court, C. D. California.

May 21, 1973.

Mitchell, Silberberg & Knupp, by Howard S. Smith and Russell J. Frackman, Los Angeles, Cal., for plaintiff.

Lillick, McHose, Wheat, Adams & Charles, by Anthony Liebig, Los Angeles, Cal., for defendants.

MEMORANDUM OPINION

FERGUSON, District Judge.

Plaintiff is the claimed copyright proprietor of a television game show, "To

Tell the Truth." The defendants, Kellogg Company and its advertising agency, Leo Burnett Company, Inc., produced a television commercial entitled "Know Your Tiger," in which panelists ask questions of three "Tony the Tigers." Plaintiff in this action alleges that defendants infringed both its statutory and common law copyright by copying and using copyrighted material from its television show in defendants' commercial and seeks an injunction and damages.

Defendants have moved for summary judgment against plaintiff. For purposes of this motion, defendants have conceded that all issues of fact must be resolved in favor of the plaintiff. Thus, for purposes of the motion the court will assume that (1) plaintiff complied with the copyright law in all respects and has a valid statutory and common law copyright in the television game show "To Tell the Truth"; (2) defendants had access to plaintiff's copyrighted work; and (3) defendants copied from the television show, "To Tell the Truth," in their television commercial.

■ The sole issue to be decided on the motion for summary judgment is whether as a matter of law there is substantial similarity between elements and materials protected by copyright in plaintiff's television program, on the one hand, and defendants' television commercial, on the other. In making this determination, the court must resolve whether a trier of fact could find that defendants' commercial is substantially similar to elements of plaintiff's work that enjoy copyright protection. *See* 2 M. Nimmer, Copyright § 138 (1972).

■ It is well settled that "ideas" are not protected against copying by the copyright laws and common law; only particular "expressions" of ideas receive such protection. Herbert Rosenthal Jewelry Corp. v. Kalpakian, 446 F.2d 738, 741–742 (9th Cir. 1971); Nichols v. Universal Pictures Corp., 45 F.2d 119, 121 (2d Cir. 1930), cert. denied, 282 U.S. 902, 51 S.Ct. 216, 75 L.Ed. 795 (1931).

Thus, the court must consider only the extent of the defendants' copying from protected expressions contained in plaintiff's television show, rather than the extent of copying from ideas. If, as a matter of law, the nature and extent of such copying did not result in substantial similarity between defendants' commercial and the protected expressions in plaintiff's program—or if only ideas were copied—then the motion for summary judgment should be granted.

The initial issue in this case amounts to a question of categorization—do the elements of plaintiff's program which, for purposes of this motion are considered to have been copied in defendants' commercial, constitute "ideas," or "expressions" of ideas?

■ The distinction between "ideas" and "expressions" has received much judicial attention. Unfortunately, it has not been possible to develop an objective and articulable standard capable of general application. The determination as to whether material in a creative work is an "idea" or an "expression" necessarily involves a subjective determination. As Judge Learned Hand concluded in Peter Pan Fabrics, Inc. v. Martin Weiner Corp., 274 F.2d 487, 489 (2d Cir. 1960), "Obviously, no principle can be stated as to when an imitator has gone beyond copying the 'idea,' and has borrowed its 'expression.' Decisions must therefore inevitably be *ad hoc.*"

In the leading case of Nichols v. Universal Pictures Corp., *supra*, Judge Hand wrote:

"[T]he question is whether the part so taken is 'substantial,' and therefore not a 'fair use' of the copyrighted work . . . . [W]hen the plagiarist does not take out a block in situ, but an abstract of the whole, decision is more troublesome. Upon any work . . . a great number of patterns of increasing generality will fit equally well, as more and more of the incident is left out. . . . [B]ut there is a point in this series of abstractions where they are no longer

protected, since otherwise the playwright could prevent the use of his 'ideas,' to which, apart from their expression, his property is never extended. [Citations.] Nobody has ever been able to fix that boundary, and nobody ever can. . . . In such cases we are rather concerned with the line between expression and what is expressed. . . ." 45 F.2d at 121.

Perhaps the best recent exposition of the categorization problem appears in Herbert Rosenthal Jewelry Corp. v. Kalpakian, *supra.* The issue in that case was whether the defendants had infringed the plaintiff's copyright in a jeweled pin in the form of a bee. Judge Browning wrote:

"The critical distinction between 'idea' and 'expression' is difficult to draw. . . . At least in close cases, one may suspect, the classification the court selects may simply state the result reached rather than the reason for it. In our view, the difference is really one of degree as Judge Hand suggested in his striking 'abstraction' formulation in Nichols v. Universal Pictures Corp. [*supra*]. The guiding consideration in drawing the line is the preservation of the balance between competition and protection reflected in the patent and copyright laws.

"What is basically at stake is the extent of the copyright owner's monopoly—from how large an area of activity did Congress intend to allow the copyright owner to exclude others? We think the production of jeweled bee pins is a larger private preserve than Congress intended to be set aside in the public market without a patent. A jeweled bee pin is therefore an 'idea' that defendants were free to copy. Plaintiff seems to agree, for it disavows any claim that defendants cannot manufacture and sell jeweled bee pins and concedes that only plaintiff's particular design or 'expression' of the jeweled bee pin 'idea' is protected under its copyright. The difficul-

ty, as we have noted, is that on this record the 'idea' and its 'expreession' appear to be indistinguishable. There is no greater similarity between the pins of plaintiff and defendants than is inevitable from the use of jewel-encrusted bee forms in both.

"When the 'idea' and its 'expression' are thus inseparable, copying the 'expression' will not be barred, since protecting the 'expression' in such circumstances would confer a monopoly of the 'idea' upon the copyright owner free of the conditions and limitations imposed by the patent law. . . ." 446 F.2d at 742.

As Professor Nimmer has noted, the doctrine that infringement may be found if the defendant copies not merely the idea, but the "expression" of the idea contained in plaintiff's work, "is but a reformulation not a solution of the problem." The problem remains one of determining "the extent of similarity which will constitute a *substantial* and hence infringing similarity." 2 M. Nimmer, Copyright, §§ 143.1, 143.11, at 619, 622 (1972).

At the hearing on the motion for summary judgment in this case, the court viewed tapes of the television program "To Tell the Truth" and also the television commercial "Know Your Tiger." The court finds that as a matter of law, there is no substantial similarity between any protected expressions in plaintiff's work and defendants' television commercial. It is the court's view that the materials are so dissimilar that, as a matter of law, the defendants have not infringed upon plaintiff's copyright.

While the court wishes that it could articulate more precisely the specific reasons behind its conclusion that as a matter of law there is no substantial similarity between any protected expressions in plaintiff's program and defendants' commercial, the posture of this case makes such an articulation impractical. As Judge Browning observed in Herbert Rosenthal Jewelry

Corp. v. Kalpakian, *supra,* "At least in close cases . . . the classification the court selects may simply state the result reached rather than the reason for it." 446 F.2d at 742. No matter how detailed this court's opinion might be, on appeal the Court of Appeals would have to view the two films in order to make a judgment of the correctness of this court's decision.

The court will enter summary judgment in favor of defendants.