**GOODSON–TODMAN ENTERPRISES, LTD., Plaintiff-Appellant,**

v.

**KELLOGG COMPANY and Leo Burnett Company, Inc., Defendants-Appellees (two cases).**

**Nos. 73–2756, 74–2009.**

United States Court of Appeals, Ninth Circuit.

March 3, 1975.

Howard S. Smith (argued), of Mitchell, Silberberg & Knupp, Los Angeles, Cal., for plaintiff-appellant.

Anthony E. Liebig (argued), of Lillick, McHose, Wheat, Adams & Charles, Los Angeles, Cal., for defendants-appellees.

Before ELY, CARTER and GOODWIN, Circuit Judges.

**914**

## OPINION

PER CURIAM:

In No. 73–2756, Goodson-Todman Enterprises, Ltd. ("Goodson-Todman") appeals from the judgment of the district court, granting a motion for summary judgment against it and in favor of defendant Kellogg Company. The action is for infringement of copyright under 17 U.S.C. § 101 and for infringement of common law copyright. Goodson-Todman contends on appeal that the district court erred in holding as a matter of law that there is no substantial similarity between any protectible expression in its copyrighted half-hour television show and Kellogg's television commercial. Goodson-Todman further contends that the court erred in dismissing the common law infringement counts on a motion directed only to the federal copyright issue.

In No. 74–2009, Goodson-Todman also appeals from the granting of Kellogg's motion for summary judgment in a second common law infringement action, on the basis of res judicata with respect to the dismissal in the earlier case (No. 73–2756). We reverse in both cases. The case is reported below in Goodson-Todman Enterprises, Ltd. v. Kellogg Company, 358 F.Supp. 1245 (1973).

Goodson-Todman is the creator and producer of the television show "To Tell the Truth". Kellogg (and defendant Leo Burnett Company, Inc.) produced a television commercial involving "Tony the Tiger" which used the format, and allegedly the "expression" of that format, of "To Tell the Truth".

Goodson-Todman broadcast the television show for over 12 years before it began to video-tape and syndicate each segment of the show. These latter shows were copyrighted under the Copyright Act, 17 U.S.C. § 1 et seq., while common law copyright is claimed for the non-video-taped, non-federally-copyrighted shows.

Kellogg moved for summary judgment without specifying to which of the counts its motion was addressed. The parties' memoranda in support and opposition to the motion, however, concern only the federal copyright, and neither the parties nor the court appear to have addressed the common law or state law infringement counts. After viewing the Kellogg commercial and a segment of "To Tell the Truth", the district court granted the motion for summary judgment on the ground that "as a matter of law, there is no substantial similarity between any protected expressions in plaintiff's work and defendant's television commercial." These appeals ensued.

We also have viewed the commercial and the television show and conclude that whether only the "idea" of "To Tell the Truth" or the "expression of that idea", see Herbert Rosenthal Jewelry Corp. v. Kalpakian, 446 F.2d 738 (9 Cir. 1971), has been copied is at least a close enough question that it should be decided by way of an evidentiary hearing on the merits and not by way of summary judgment. See Arnstein v. Porter, 154 F.2d 464, 474 (2 Cir. 1946); Morrissey v. Procter & Gamble Co., 379 F.2d 675, 677 (1 Cir. 1967) ("Summary judgment may not be granted where there is the 'slightest doubt as to the facts.'").

This is not a case where the "idea"—the questioning of contestants by a panel in an attempt to guess their identities—is indistinguishable, as a matter of law, from the "expression" of that idea (e. g., "Will the real ...................... please stand up?" versus "Will the real Tony the Tiger please sit down?"). See Herbert Rosenthal Jewelry Corp. v. Kalpakian, supra, at 742 of 446 F.2d.

Kellogg also contends on appeal that once the video-taped shows were copyrighted under the Copyright Act, any state or common law protection was thereby supplanted, and that at any rate, the state and federal copyright tests are the same.

However, these issues were not argued before or decided by the district court. Although the court did indicate that infringement of a common law copyright was alleged, the similarity of the common law and federal tests, the divestiture of the common law copyright by the

federal copyright, or any citation to other than federal law, are all absent from the court's memorandum opinion. Either the court did not rule on the non-federal allegations, or did so without argument by the parties or analysis by the court. In either case, counts two and three should be remanded, along with count one based on the federal copyright, for consideration by the district court.

The same is true of Kellogg's "fair use" argument. Whether or not the argument is valid, it was not argued or decided below and is therefore not properly before this court. On remand, Kellogg can make the argument to the district court.

Since all the counts in No. 73–2756 must be remanded, we need not consider whether dismissal in No. 74–2009 on the basis of res judicata was proper.

The judgment of the district court in No. 73–2756 is reversed for proceedings consistent with this opinion. The judgment of the district court in No. 74–2009 is reversed with instructions to stay pending final judgment in No. 73–2756.

ELY, Circuit Judge (concurring and dissenting):

I agree that the judgment relating to the issue of infringement should be reversed. I do not, however, agree that the controversy in that respect requires that an evidentiary hearing be conducted. The viewing of the films in question left me with the inescapable conviction that the appellees have, undeniably, pirated the "expression of the idea" of the appellant's copyrighted television production. The films themselves supply the most adequate and convincing evidence for my conclusion, and I cannot conceive that additional testimony could alter the resolution that I think proper on that issue. Thus, I would direct the District Court to enter a judgment of infringement and to enter a decree enjoining additional infringement.

While I doubt that the appellant could establish more than minimal damages accruing to it as a result of the appellees' wrong, I agree that the District Court must conduct a trial on the damage issue, assuming, as I believe, that infringement has occurred.