## JACK ADELMAN, Inc. v. SONNERS & GORDON, Inc., et al.

United States District Court
S. D. New York.

March 26, 1934.

Jay A. Gilman, New York City, by Avel B. Silverman, New York City, for plaintiff.

Kaminsky & Parnes, New York City, Weil, Gotshal & Manges, New York City, Lind, Shlivek, Marks & Brin, New York City, amicus curiæ.

David E. Singer, New York City, by Louis B. Miller, New York City, for defendant Sonners & Gordon, Inc.

H. Russell Winokur, New York City, by H. Russell Winokur and William S. Gluck, New York City, for defendants Littmann's Inc., Littmann's Fifth Avenue Corp. and Littmann's Women's Apparel Corp.

Lauterstein & Conroy, New York City, amicus curiæ.

GODDARD, District Judge.

This matter comes before the court upon a motion by the plaintiff for a temporary injunction and upon motions by the several defendants to dismiss the bill of complaint upon the ground that it does not state facts sufficient to constitute a cause of action.

---

8. Morrow, Becker & Ewing v. Commissioner, 5 Cir., 1932, 57 F.2d 1.

9. Meyer's Estate v. Commissioner, 5 Cir., 1953, 200 F.2d 592.

The bill of complaint alleges that the defendants have infringed plaintiff's copyright of a drawing of a dress issued to plaintiff on August 3, 1933, by making and selling a dress like the one in plaintiff's drawing. Jurisdiction is based upon the copyright law, all the parties being citizens of the State of New York. The defendants moved to dismiss the bill on three grounds:

"1. That a dress is not a subject matter of copyright.

"2. That plaintiff's copyright is for a drawing only and that the manufacture and sale of a dress to be worn is not an infringement of said copyright; and

"3. That the copyright is invalid by reason of the failure of the plaintiff to comply with Sections 11 and 18 of the Copyright Laws."

The defense presented by the first and second of the grounds just stated concededly raises the fundamental and important question in the case. Does the copyright of a drawing of a dress give the owner of that copyright the exclusive monopoly to produce the dress itself? This depends solely upon the extent of the rights secured by the copyright owner upon filing his drawing in the copyright office. The source of his rights is the copyright law. Congress, pursuant to the power given to it by article 1, § 8 of the Constitution of the United States, has enacted a copyright law. The Copyright Act of March 4, 1909, Title 17 U.S. C.A. § 1(a), provides that any person, upon compliance with its provisions, shall have the exclusive right "To print, reprint, publish, copy, and vend the copyrighted work". Assuming that the drawing was a work of art, what was copyrighted—the drawing or the dress?

■ Section 53 of the Copyright Act, 17 U.S.C.A. § 207, authorized the Register of Copyrights to make rules and regulations for the registration of claims to copyright. Rule 12(g), now § 202.8, U.S.C.A., Title 17, under which plaintiff files its application, reads as follows:

"12(g)—Works of art and models or designs for works of art.—This term includes all works belonging fairly to the so-called fine arts. (Paintings, drawings and sculpture.)"

This permits registration of works of art or designs, for works of art such as "Paintings, drawings and sculpture". Plaintiff stated in its application that it was filing a drawing for registration. The dress itself could hardly be classed as work of art and filed in the Register's office. Moreover, the regulation just quoted lists "garments" among those articles in which "The exclusive right to make and sell * * should not be sought by copyright registration." All the plaintiff could accomplish under this section was to register its drawing, and unless we read into the statute something which is not there plaintiff secured no exclusive monopoly of the dress shown in the drawing. This seems clear if it be kept in mind that it is the drawing which is assumed to be a work of art and not the dress. It follows that plaintiff's copyright gives it the exclusive right to make copies or reprints of the drawing only, and that it gives the copyright owner no monopoly of the article illustrated.

It has long been recognized that the copyright owner secures no exclusive right in the article illustrated. In Baker v. Selden, 101 U.S. 99, at page 102, 25 L.Ed. 841, where a system of bookkeeping had been devised and described by the author in a copyrighted book, Mr. Justice Bradley stated:

"But there is a clear distinction between the book, as such, and the art which it is intended to illustrate. The mere statement of the proposition is so evident, that it requires hardly any argument to support it. * * * To give the author of the book an exclusive property in the art described therein, when no examination of its novelty has ever been officially made, would be a surprise and a fraud upon the public. * * * Now, whilst no one has a right to print or publish his book, or any material part thereof, as a book intended to convey instruction in the art, any person may practice and use the art itself which he has described and illustrated therein. The use of the art is a totally different thing from a publica-

tion of the book explaining it. * * * The description of the art in a book, though entitled to the benefit of copyright, lays no foundation for an exclusive claim to the art itself. The object of the one is explanation; the object of the other is use. The former may be secured by copyright. The latter can only be secured, if it can be secured at all, by letters-patent." 101 U.S. at pages 104–105.

In Lamb v. Grand Rapids School Furniture Co., C.C., 39 F. 474, the plaintiffs were manufacturers of church furniture and published a catalogue with copyrighted engravings of its furniture. The furniture was not patented. The defendant copied the furniture and issued a catalogue with illustrations defendant had made of its own wares. It was held that there was no infringement of plaintiffs' copyright, and since plaintiffs' goods were not patented, defendant could lawfully manufacture the furniture. In National Cloak & Suit Co. v. Standard Mail Order Co., C.C., 191 F. 528, Judge Lacombe said, "I am entirely in accord with defendant in the proposition that a manufacturer of unpatented articles cannot practically monopolize their sale by copyrighting a catalogue containing illustrations of them." See also Kemp & Beatley, Inc. v. Hirsch, D.C.E.D.N.Y., 34 F.2d 291; National Cloak & Suit Co. v. Kaufman, C.C., 189 F. 215; Cheney Bros. v. Doris Silk Corporation, 2 Cir., 35 F.2d 279.

██ In August, 1933, in response to a written inquiry from a designer of dresses, the Register of Patents replied as follows:

"There are no provisions in the Copyright Law for protecting fashions for dresses. The right to make and sell an artistically designed garment may under proper circumstances be obtained by a design patent issued from the Patent Office but not by copyright."

This administrative interpretation of the law is, of course, not conclusive, but it is entitled to weighty consideration. Moreover, the cases hold that a photograph of an object is not infringed by a second photograph of the same object if the second one is independently produced. Gross v. Seligman, 2 Cir., 212 F. 930.

The plaintiff urges that King Feature Syndicate v. Fleischer, 2 Cir., 299 F. 533, supports its contention. In fact this case is its chief reliance. In that case the plaintiff was the owner of a copyrighted picture consisting of cartoons and comic sketches depicting a horse—"Spark Plug" and a male character "Barney Google" in a variety of ludicrous situations. The defendant manufactured and sold a grotesque figure and toy exactly reproducing "Spark Plug". The court held that the defendant infringed the plaintiff's copyright. These articles were entirely lacking in any functional use; they served no utilitarian purpose; their form was the essence of the article, and the court pointed out that the toy horse "Spark Plug" was nothing more than a glorified cartoon, and said in 299 F. at page 537:

"The form of the horse, embodying the aspect of humor, was the essence of the cartoon; its end, within the artist's purpose, and its object, the production of amusement in contemplation. We think the copyright law was intended to give protection to the creation of that form, protection to its value in that form, to give amusement in contemplation."

King v. Fleischer does not depart from the rule of Baker v. Selden, supra. On the contrary, it cites and recognizes the rule in Baker v. Selden. As I read it, it merely holds that in this particular instance the reproduction of the defendant's was essentially a copy of plaintiff's cartoon or comic sketch. It certainly could not even be inferred from King v. Fleischer that if a person copyrighted a design for a "stream line" automobile the copyright owner would have the exclusive right to produce such an automobile, or that the copyright owner of a drawing of a dress would have the exclusive right to produce the dress. It merely applies the old rule, but perhaps to an unusual set of facts.

Plaintiff also cites Bracken v. Rosenthal, C.C., 151 F. 136, which held that a photograph of a copyrighted piece of sculpture was an infringement. But the distinction is plain. A dress is not copyrightable. A

190

picture of a dress is; and the statute expressly includes sculpture. To give an author or designer an exclusive right to manufacture the art described in the certificate of copyright registration, when no official examination of its novelty has ever been made, would unjustly create a monopoly and moreover would usurp the functions of letters-patent.

■ The patent law provides for protection to those who create dresses of novel design, Title 35 U.S.C.A. § 73, now 35 U.S.C.A. § 171, but as a practical matter in many instances this fails to give the needed protection, for designs and patterns usually are short-lived and with the conditions and time incidental to obtaining the patent, this protection comes too late, if at all. That neither the patent law nor the copyright law affords the desired protection for those who create and manufacture novel designs for dresses, seems to have been recognized by dress manufacturers and designers, for in recent years bills have been introduced in the Congress to amend the copyright statutes so as to include patterns for dresses and designs as copyrightable subject matter. The Congress may enact into law some plan to meet the situation but this court has no power to read into the present statutes provisions which are not now contained in them. It may well be that a somewhat similar situation exists in respect to the copyrighting of dresses as at one time prevailed in respect to perforated music rolls which the Supreme Court held were not included under the copyright statute as copies of copyrighted musical compositions, and said that if this was a hardship for composers and publishers of music, they should seek relief from Congress. White-Smith Music Co. v. Apollo Co., 209 U.S. 1, 28 S.Ct. 319, 52 L.Ed. 655, and eventually the statute was amended to remedy the situation.

The bill of complaint does not set forth a cause of action, and for that reason the defendants' motion to dismiss is granted, and it follows that the plaintiff's motion for temporary injunction must be denied; also that it is unnecessary to consider the other defenses. Settle order on notice.