**HERBERT ROSENTHAL JEWELRY CORP., Plaintiff-Appellant,**

v.

**Edward and Lucy KALPAKIAN, etc., Defendants-Appellees.**

No. 24990.

United States Court of Appeals, Ninth Circuit.

July 7, 1971.

---

Charles Sonnenreich (argued), New York City, Levy & Tannenbaum, Los Angeles, Cal., for plaintiff-appellant.

Marvin Jubas (argued), of Spensley, Horn & Jubas, Los Angeles, Cal., for defendants-appellees.

Before BROWNING, ELY, and HUF-STEDLER, Circuit Judges.

BROWNING, Circuit Judge:

Plaintiff and defendants are engaged in the design, manufacture, and sale of fine jewelry.

Plaintiff charged defendants with infringing plaintiff's copyright registration of a pin in the shape of a bee formed of gold encrusted with jewels. A consent decree was entered, reciting that the parties had agreed to a settlement of the action and entry of the decree. It provided that plaintiff's copyright of the jeweled bee was "good and valid in law," that defendants had manufactured a jeweled bee "alleged to be similar," and that defendants were enjoined from infringing plaintiff's copyright and from manufacturing or selling copies of plaintiff's jeweled bee pin.

Later plaintiff filed a motion for an order holding defendants in contempt of the consent decree. The district court, after an evidentiary hearing, found that while defendants had manufactured and sold a line of jeweled bee pins, they designed their pins themselves after a study of bees in nature and in published works and did not copy plaintiff's copyrighted bee. The court further found that defendants' jeweled bees were "not substantially similar" to plaintiff's bees, except that both "do look like bees." The court concluded that defendants had neither infringed plaintiff's copyright nor violated the consent decree, and entered a judgment order denying plaintiff's motion. We affirm.

I

Both in this court and below, the parties have assumed that defendants are bound by their concession of the validity of plaintiff's copyright in the consent decree. Although we accept that assumption for purposes of this litigation, we expressly save the question

whether the line of cases upon which the assumption is based, *see* Siebring v. Hansen, 346 F.2d 474, 477 (8th Cir. 1965), and cases cited, survived Lear, Inc. v. Adkins, 395 U.S. 653, 89 S.Ct. 1902, 23 L.Ed.2d 610 (1969), and in this circuit, Massillon-Cleveland-Akron Sign Co. v. Golden State Advertising Co., 444 F.2d 425 (9th Cir. 1971). *See also,* Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971).

II

Plaintiff contends that its copyright registration of a jeweled bee entitles it to protection from the manufacture and sale by others of any object that to the ordinary observer is substantially similar in appearance. The breadth of this claim is evident. For example, while a photograph of the copyrighted bee pin attached to the complaint depicts a bee with nineteen small white jewels on its back, plaintiff argues that its copyright is infringed by defendants' entire line of a score or more jeweled bees in three sizes decorated with from nine to thirty jewels of various sizes, kinds, and colors.

Although plaintiff's counsel asserted that the originality of plaintiff's bee pin lay in a particular arrangement of jewels on the top of the pin, the elements of this arrangement were never identified. Defendants' witnesses testified that the "arrangement" was simply a function of the size and form of the bee pin and the size of the jewels used. Plaintiff's counsel, repeatedly pressed by the district judge, was unable to suggest how jewels might be placed on the back of a pin in the shape of a bee without infringing plaintiff's copyright. He eventually conceded, "not being a jeweler, I can't conceive of how he might rearrange the design so it is dissimilar."

If plaintiff's understanding of its rights were correct, its copyright would effectively prevent others from engaging in the business of manufacturing and selling jeweled bees. We think plaintiff confuses the balance Congress struck between protection and competition under the Patent Act and the Copyright Act.

The owner of a patent is granted the exclusive right to exploit for a period of seventeen years (a maximum of fourteen years for design patents) the conception that is the subject matter of the patent. 35 U.S.C. §§ 154, 173. The grant of this monopoly, however, is carefully circumscribed by substantive and procedural protections. To be patentable the subject matter must be new and useful, and represent a nonobvious advance—one requiring "more ingenuity and skill than that possessed by an ordinary mechanic acquainted with the business"; an advance that would not be obvious to a hypothetical person skilled in the art and charged with knowledge of all relevant developments publicly known to that point in time. Graham v. John Deere Co., 383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966). A patent is granted only after an independent administrative inquiry and determination that these substantive standards have been met. 35 U.S.C. § 131. This determination is subject to both administrative and court review. 35 U.S.C. §§ 134, 141, 145, 146.

Copyright registration, on the other hand, confers no right at all to the conception reflected in the registered subject matter. "Unlike a patent, a copyright gives no exclusive right to the art disclosed; protection is given only to the expression of the idea—not the idea itself." Mazer v. Stein, 347 U.S. 201, 217, 74 S.Ct. 460, 470, 98 L.Ed. 630 (1954) (footnote omitted). Accordingly, the prerequisites for copyright registration are minimal. The work offered for registration need only be the product of the registrant. So long as it is not a plagiarized copy of another's effort, there is no requirement that the work differ substantially from prior works or that it contribute anything of value. "The copyright protects originality rather than novelty or invention." *Id.* at 218, 74 S.Ct. at 471. A copyright is secured simply by publishing the work with the required notice, 17 U.S.C. § 10, and reg-

istration is accomplished simply by filing a claim and depositing copies of the work with the Register of Copyrights, 17 U.S.C. §§ 11, 13. There is no administrative investigation or determination of the validity of the claim. A certificate is refused only if the object falls outside the broad category of matter subject to copyright registration. 17 U.S.C. §§ 4–5. A copyright affords little protection. It confers "only 'the sole right of multiplying copies.' Absent copying there can be no infringement of copyright." Mazer v. Stein, *supra*, 347 U.S. at 218, 74 S.Ct. at 471 (footnotes omitted). Because the registrant's protection is limited and the social cost therefore small, the life of the copyright is long and, under current proposals, potentially even longer—now twenty-eight years plus a renewal period of twenty-eight more, 17 U.S.C. § 24, and, under Copyright Revision Bill § 543, 91st Congress, 1st Session, the life of the author plus fifty years.

Obviously a copyright must not be treated as equivalent to a patent lest long continuing private monopolies be conferred over areas of gainful activity without first satisfying the substantive and procedural prerequisites to the grant of such privileges.

Because copyright bars only copying, perhaps this case could be disposed of on the district court's finding that defendants did not copy plaintiff's bee pin. It is true that defendants had access to plaintiff's pin and that there is an obvious similarity between plaintiff's pin and those of defendants. These two facts constitute strong circumstantial evidence of copying. But they are not conclusive, Overman v. Loesser, 205 F.2d 521, 523 (9th Cir. 1953); Nimmer on Copyright §§ 139.4, 141.2, and there was substantial evidence to support the trial court's finding that defendants' pin was in fact an independent creation. Defendants testified to independent creation from identified sources other than plaintiff's pin. The evidence established defendants' standing as designers of fine jewelry and reflected that on earlier occasions they had designed jeweled pins in the form of living creatures other than bees, including spiders, dragonflies, and other insects, birds, turtles, and frogs. Any inference of copying based upon similar appearance lost much of its strength because both pins were lifelike representations of a natural creature. Moreover, there were differences between defendants' and plaintiff's bees —notably in the veining of the wings.

Although this evidence would support a finding that defendants' bees were their own work rather than copied from plaintiff's, this resolution of the problem is not entirely satisfactory, particularly in view of the principle that copying need not be conscious, but "may be the result of subconscious memory derived from hearing, seeing or reading the copyrighted work at some time in the past." Howell's Copyright Law 129 (4th ed. 1962). *See* Sheldon v. Metro-Goldwyn Pictures Corp., 81 F.2d 49, 54 (2d Cir. 1936); Harold Lloyd Corp. v. Witwer, 65 F.2d 1, 16 (9th Cir. 1933). It seems unrealistic to suppose that defendants could have closed their minds to plaintiff's highly successful jeweled bee pin as they designed their own.

A finding that defendants "copied" plaintiff's pin in this sense, however, would not necessarily justify judgment against them. A copyright, we have seen, bars use of the particular "expression" of an idea in a copyrighted work but does not bar use of the "idea" itself. Others are free to utilize the "idea" so long as they do not plagiarize its "expression." As the court said in Trifari, Krussman & Fishel, Inc. v. B. Steinberg-Kaslo Co., 144 F.Supp. 577, 580 (S.D.N.Y.1956), where the copyrighted work was a jeweled pin representing a hansom cab, "though an alleged infringer gets the idea of a hansom cab pin from a copyrighted article there can be no infringement unless the article itself has been copied. The idea of a hansom cab cannot be copyrighted. Nevertheless plaintiff's expression of that idea, as embodied in its pin, can be copyrighted." Or as Judge Hand put

it in Sheldon v. Metro-Goldwyn Pictures Corp., *supra*, 81 F.2d at 54, "defendants were entitled to use, not only all that had gone before, but even the plaintiffs' contribution itself, if they drew from it only the more general patterns; that is, if they kept clear of its 'expression.'" *See also* Millworth Converting Corp. v. Slifka, 276 F.2d 443, 445 (2d Cir. 1960).

 The critical distinction between "idea" and "expression" is difficult to draw. As Judge Hand candidly wrote, "Obviously, no principle can be stated as to when an imitator has gone beyond copying the 'idea,' and has borrowed its 'expression.'" Peter Pan Fabrics, Inc. v. Martin Weiner Corp., 274 F.2d 487, 489 (2d Cir. 1960). At least in close cases, one may suspect, the classification the court selects may simply state the result reached rather than the reason for it. In our view, the difference is really one of degree as Judge Hand suggested in his striking "abstraction" formulation in Nichols v. Universal Pictures Corp., 45 F.2d 119, 121 (2d Cir. 1930). The guiding consideration in drawing the line is the preservation of the balance between competition and protection reflected in the patent and copyright laws.

What is basically at stake is the extent of the copyright owner's monopoly—from how large an area of activity did Congress intend to allow the copyright owner to exclude others? We think the production of jeweled bee pins is a larger private preserve than Congress intended to be set aside in the public market without a patent. A jeweled bee pin is therefore an "idea" that defendants were free to copy. Plaintiff seems to agree, for it disavows any claim that defendants cannot manufacture and sell jeweled bee pins and concedes that only plaintiff's particular design or "expression" of the jeweled bee pin "idea" is protected under its copyright. The difficulty, as we have noted, is that on this record the "idea" and its "expression" appear to be indistinguishable. There is no greater similarity between the pins of plaintiff and defendants than is inevitable from the use of jewel-encrusted bee forms in both.

When the "idea" and its "expression" are thus inseparable, copying the "expression" will not be barred, since protecting the "expression" in such circumstances would confer a monopoly of the "idea" upon the copyright owner free of the conditions and limitations imposed by the patent law. Baker v. Selden, 101 U.S. 99, 103, 25 L.Ed. 841 (1879); Morrissey v. Procter & Gamble Co., 379 F.2d 675, 678–679 (1st Cir. 1967); Crume v. Pacific Mut. Life Ins. Co., 140 F.2d 182, 184 (7th Cir. 1944). *See also* Continental Cas. Co. v. Beardsley, 253 F.2d 702, 705–706 (2d Cir. 1958).

Affirmed.