**Ethel RUSSELL, trading as Ethel Wynhym**

v.

**TRIMFIT, INCORPORATED.**

Civ. A. No. 75–1764.

United States District Court, E. D. Pennsylvania.

Feb. 15, 1977.

Brian E. Appel, Kleinbard, Bell ·& Breck-er, Philadelphia, Pa., for plaintiff.

Stuart E. Beck, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

BRODERICK, District Judge.

This action for copyright infringement comes before the Court on defendant's motion for summary judgment. For the reasons expressed hereinafter, this Court has determined that even when all of the issues of fact are resolved in favor of the plaintiff, the defendant is entitled to judgment. There are no genuine issues of material fact which must be decided if this case goes to trial. It is defendant's position as to its motion that even if plaintiff were able to prove all of the contested facts, defendant would nevertheless be entitled to summary judgment. For the purpose of this discussion, we shall proceed on the assumption that plaintiff will be able to produce evidence supporting all of her allegations. Therefore, in the recitation of facts as hereinafter set forth, whenever the parties are in disagreement the facts have been resolved and all inferences drawn in plaintiff's favor. It is on this basis that we summarize the facts in this case as follows:

Plaintiff claims that prior to June 14, 1969 she created an original concept for the manufacture of footwear known as "mitten toe socks" or "glove socks". Plaintiff alleges that she obtained copyright protection for her concept for toe socks by registering two drawings with the Register of Copyrights. Both copyrights are registered on Form G, which is entitled "Registration of a Claim to Copyright in a work of art or a model or design for a work of art." The first copyright states the nature of the work as a "drawing" and is entitled "The Mitten Hose for Thongs No's 1, 2, 3, 4. Hose, Pantyhose, Peds, Socks." The copyrighted drawing depicts legwear with a separate compartment for the big toe. The second copyright, also a "drawing", is entitled "Footwear with a compartment for the large toe and for each toe." This copyrighted drawing is similar to the first, ex-

cept that there is a separate compartment for each toe.

In her first cause of action, plaintiff contends that by virtue of the copyrights she obtained an exclusive right in toe socks, and that defendant has infringed her copyrights by manufacturing and selling toe socks. Plaintiff's second cause of action is for a breach of contract which action is based on pendent jurisdiction. In this second cause of action the plaintiff claims that defendant entered into a contract with her for the design of clothing and clothing accessories, including toe socks, and alleges that defendant breached this contract by manufacturing toe socks without compensating her.

For the purpose of its motion for summary judgment, defendant concedes that plaintiff's concept for toe socks is her original creation and that the copyright registrations comply with the copyright laws. It is defendant's position, however, that plaintiff has not stated a cause of action against defendant based upon defendant's manufacture of toe socks by virtue of the copyrights which she obtained. Plaintiff contends that her copyrights prevent others from engaging in the business of manufacturing toe socks. We think that plaintiff has misconstrued the rights afforded under the Patent and Copyright laws.

It is axiomatic that there are essential differences between a patent and a copyright. These differences pertain to subject matter, conditions of protection, period of protection and the type of protection. The owner of a patent is granted an exclusive right which prevents others from making, using or selling that which is the subject matter of his patent for a period of 17 years (a maximum of 14 years for design patents). 35 U.S.C. §§ 154, 173. To be patentable, the "process, machine, manufacture or composition of matter" must be new and useful and represent a nonobvious advance. 35 U.S.C. §§ 101, 102, 103. A patent is granted only after an independent administrative inquiry and determination that these standards have been met. 35 U.S.C. § 131. This determination is subject to both administrative and judicial review. 35 U.S.C. §§ 134, 141, 145, 146.

On the other hand, a copyright does not confer an exclusive right to the idea disclosed, as does a patent. As stated in *Mazer v. Stein*, 347 U.S. 201, 217, 74 S.Ct. 460, 470, 98 L.Ed. 630 (1954), "Unlike a patent, a copyright gives no exclusive right to the art disclosed: protection is given only to the expression of the idea—not the idea itself." *See Reyher v. Children's Television Workshop*, 533 F.2d 87, 90 (2d Cir. 1976); *Universal Athletic Sales Co. v. Salkeld*, 511 F.2d 904, 906 (3d Cir. 1975); *Roth Greeting Cards v. United Card Co.*, 429 F.2d 1106, 1109 (9th Cir. 1970). The prerequisites for copyright registration are minimal. Unlike a patented product, the copyrighted work need not be novel, nor rise to the level of an "invention"; it need only be original, i. e., created without copying. So long as it is not a plagiarized copy of another's effort, there is no requirement that the work differ substantially from prior works or that it contribute anything of value. A copyright is secured by publishing the work with the required notice, 17 U.S.C. § 10, and registration is completed by filing a claim and depositing copies of the work with the Register of Copyrights, 17 U.S.C. §§ 11, 13. There is no administrative investigation or determination of the validity of the claim. A certificate is refused only if the object falls outside the broad category of matter subject to copyright registration. 17 U.S.C. § 5. A copyright gives protection from copying only; a person working independently would not infringe a copyright even though his resulting work was substantially identical to a copyrighted work. A patentee, on the other hand, may exclude anyone from the field covered by his patent, even if the latter developed his invention independently. A copyright is effective for twenty-eight years plus a renewal period of twenty-eight more. *See Herbert Rosenthal Jewelry Corp. v. Kalpakian*, 446 F.2d 738 (9th Cir. 1971); A. Latman, *Howell's Copyright Law*, (Fourth Edition 1962), at 1–2.

The principle that a copyright protects against expression of an idea but does not bar use of the idea itself is likewise well recognized in the Acts of Congress and the Federal regulations. 37 C.F.R. § 202.1 provides:

The following are examples of works not subject to copyright and applications for registration of such works cannot be entertained:

. . . . .

(b) Ideas, plans, methods, systems or devices, as distinguished from the particular manner in which they are expressed or described in a writing:

As stated in 17 U.S.C. § 102 (which does not become effective until January 1, 1978):

(b) In no case does copyright protection for an original work of authorship extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work.

In this case we have encountered no difficulty in distinguishing between the idea and the expression of the idea. The defendant manufactured and sold toe socks. There is no allegation that the defendant at any time produced, manufactured, sold or distributed any copies of the plaintiff's drawings. Although it is defendant's contention that the idea for these toe socks was not an original idea of the plaintiff, it has conceded for the purpose of this summary judgment motion that the concept is her original creation. We have found on the basis of this record that the defendant by manufacturing and selling toe socks has not infringed any rights which the plaintiff may have obtained under the copyright laws. There are many cases in which Courts have experienced difficulty in making the distinction between an "idea" and "its expression." For instance, in *Peter Pan Fabrics, Inc. v. Martin Weiner Corp.,* 274 F.2d 487 (2d Cir. 1960), the Court in holding that the copyright of an ornamental design for fabric afforded protection against the manufacture of fabric with an identical design stated:

Obviously, no principle can be stated as to when an imitator has gone beyond copying the "idea," and has borrowed its "expression." Decisions must therefore inevitably be *ad hoc. Id.* at 489.

Likewise, in cases where the piece of costume jewelry itself has been copyrighted, the Courts, although recognizing that the idea and its expression are virtually indistinguishable have held that the copyright did not confer a monopoly of the "idea" and did not grant protection from the manufacture and sale by others of such jewelry. *Rosenthal Jewelry Corp. v. Kalpakian, supra,* 446 F.2d 738; *Herbert Rosenthal Jewelry Corp. v. Honora Jewelry Co.,* 509 F.2d 64 (2d Cir. 1974); *PPS, Inc. v. Jewelry Sales Representatives, Inc.,* 392 F.Supp. 375 (S.D. N.Y.1975).

As Judge Browning pointed out in *Rosenthal, supra,* 446 F.2d at 742,

When the "idea" and its "expression" are thus inseparable, copying the "expression" will not be barred, since protecting the "expression" in such circumstances would confer a monopoly of the "idea" upon the copyright owner free of the conditions and limitations imposed by the patent law. *Baker v. Selden,* 101 U.S. 99, 103, 25 L.Ed. 841 (1879); *Morrissey v. Proctor & Gamble Co.,* 379 F.2d 675, 678–679 (1st Cir. 1967); *Crume v. Pacific Mut. Life Ins. Co.,* 140 F.2d 182, 184 (7th Cir. 1944). *See also Continental Cas. Co. v. Beardsley,* 253 F.2d 702, 705–706.

It appears to be well-established that the copyright of a dress design does not confer a monopoly of the idea upon the copyright owner. The copyright of the design does not prevent the manufacture and sale of similar-looking dresses. In *Jack Adelman, Inc. v. Sonner & Gordon, Inc.,* 112 F.Supp. 187 (S.D.N.Y.1934), the plaintiff claimed that its copyright of a drawing of a dress was infringed by defendant's producing and selling the dress depicted in its drawing. The Court said:

Plaintiff stated in its application that it was filing a drawing for registration. The dress itself could hardly be classed as work of art and filed in the Register's office. . . . All the plaintiff could accomplish under this section was to register its drawing, and unless we read into the statute something which is not there plaintiff secured no exclusive monopoly of the dress shown in the drawing. This seems clear if it be kept in mind that it is the drawing which is assumed to be a work of art and not the dress. It follows

that plaintiff's copyright gives it the exclusive right to make copies or reprints of the drawing only, and that it gives the copyright owner no monopoly of the article illustrated.

.    .    .    .    .

To give an author or designer an exclusive right to manufacture the art described in the certificate or copyright registration, when no official examination of its novelty has ever been made, would unjustly create a monopoly and moreover would usurp the functions of letters-patent. *Id.* at 188, 190.

As set forth in *Nimmer on Copyright*, Vol. 1, § 27.3 at 122:

[s]tatutory copyright protection is largely unavailing for dress designs by reason of a doctrine . . . under which copyright for works of utility will protect only against copying for purposes of explanation but will not prohibit copying for purposes of use. Thus copyright in a dress design may protect against the duplication of such design on a paper to be used as an instructional sheet for an unauthorized designer, but it will not protect against the embodying of the design in competitive garments.

Having determined that defendant is entitled to summary judgment on the Federal copyright claim, we must determine if we should retain jurisdiction to hear the pendent claims of the plaintiff and the defendant, each of which allege a violation of state law. The standard by which we are guided is set forth as follows by the Supreme Court in *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).

*Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.* [emphasis supplied] [footnotes deleted].

*See Broderick v. Associated Hospital Service of Philadelphia*, 536 F.2d 1 (3d Cir. 1976) n. 25. We therefore decline to exercise jurisdiction over plaintiff's state law claim and defendant's counterclaim, each of which are state law claims, and grant judgment for defendant and enter the attached Order:

### ORDER

AND NOW, to wit, this 15th day of February, 1977, upon consideration of the defendant's motion for summary judgment, and the plaintiff's opposition thereto, it is hereby ORDERED and DECREED that said motion is GRANTED and judgment is entered for the defendant, Trimfit, Incorporated, and against the plaintiff, Ethel Russell, trading as Ethel Wynhym; inasmuch as the Court has declined to exercise its pendent jurisdiction in connection with the state law claims of the plaintiff and defendant, plaintiff's second cause of action and defendant's counterclaim are DISMISSED.