927 F.2d 440
 1991 Copr.L.Dec. P 26,693, 17 U.S.P.Q.2d 1874
 Norbert PASILLAS, Plaintiff-Appellant,
v.
McDONALD'S CORPORATION, McDonald's Operator Association of
Southern California, Inc., Davis, Johnson, Mogul
and Colombatto, Inc.; Bob Hickson;
Steve Neill; Defendants-Appellees.
 No. 89-55602.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Sept. 14, 1990.
Decided Feb. 14, 1991.
 
 James E. Hawes, Beehler & Pavitt, Newport Beach, Cal., for plaintiff-appellant.
 Jill S. Slater and Chris D. Ozeroff, on the brief, Latham & Watkins, Anthony E. Liebig, Liebig & Kulzick, Los Angeles, Cal., for defendants-appellees.
 Appeal from the United States District Court for the Central District of California.
 Before FLETCHER, WIGGINS and RYMER, Circuit Judges.
 FLETCHER, Circuit Judge:
 
 
 1
 Pasillas appeals the district court's grant of summary judgment in his copyright infringement action in favor of defendants McDonald's Corporation, McDonald's Operator Association of Southern California, Inc., Davis, Johnson, Mogul and Colombatto, Inc., Bob Hickson, and Steve Neill (collectively "McDonald's"). Pasillas, creator of a copyrighted mask depicting the man in the moon, alleged that McDonald's infringed his copyright by employing a similar mask in an advertising campaign featuring a series of "Mac Tonight" television commercials. The district court found that the two masks were not substantially similar in protectable expression and granted summary judgment to McDonald's. We affirm.
 
 FACTS
 
 2
 In 1982, Pasillas created a latex Halloween mask depicting the man in the moon. The Pasillas mask is a three-dimensional white crescent moon that is worn over a person's head, with a face on its concave surface. Eye holes match up with the wearer's eyes. The face is that of an elderly man with wrinkles on his brow and around his eyes, a bulbous nose, a rounded chin, and a closed mouth with thick, slightly pursed lips. Pasillas registered a copyright for his mask in July 1987.
 
 
 3
 In 1986, Davis, Johnson, Mogul and Colombatto, Inc., an advertising agency, created an advertising campaign for McDonald's featuring a character known as "Mac Tonight", who wore a mask depicting the man in the moon. Like the Pasillas mask, the McDonald's mask is a three-dimensional white crescent moon worn over the head, with a face on its concave surface. Unlike the Pasillas mask, the McDonald's mask has ears on the sides, and Mac Tonight's youthful, unwrinkled face is defined by a pair of sunglasses, a triangular nose, no chin, thin lips, and a broadly grinning, open mouth revealing the upper teeth. The wearer of the McDonald's mask sees through its mouth. The first Mac Tonight television ad went on the air in Southern California in December 1986, and its success led McDonald's to commission and develop a national ad campaign for Mac Tonight. The television ads, which first aired nationally in March 1987, made the campaign a smashing success.
 
 
 4
 In July 1988, Pasillas filed a complaint against McDonald's in federal district court that alleged a single cause of action, infringement of his copyrighted mask in violation of 17 U.S.C. Sec. 501 (1988), and sought damages and injunctive relief. After Pasillas twice amended his complaint, McDonald's moved for summary judgment on the ground that no reasonable juror could conclude that the two masks were substantially similar. On April 21, 1989, the district court granted McDonald's motion, and Pasillas filed a timely appeal. We have jurisdiction under 28 U.S.C. Sec. 1291 (1988).
 
 DISCUSSION
 
 5
 To prove copyright infringement, a plaintiff must demonstrate (1) ownership of the allegedly infringed work and (2) copying of the protected elements of the work by the defendant. Narell v. Freeman, 872 F.2d 907, 910 (9th Cir.1989). Because direct copying is difficult to prove, a plaintiff can satisfy the second element by demonstrating that (a) the defendant had access to the allegedly infringed work and (b) the two works are substantially similar in both idea and expression of that idea. Id. For the purposes of its summary judgment motion, McDonald's conceded that Pasillas owned a valid copyright on his mask,[1] and that it had access to his mask. Therefore, the only issue that was before the district court, and is now before us, is whether the two masks are substantially similar.
 
 
 6
 We review the district court's grant of summary judgment de novo. Id. at 909. Our circuit has expressed a certain disfavor for summary judgment on questions of substantial similarity, but it is nevertheless appropriate to grant summary judgment if, considering the evidence and drawing all inferences from it in the light most favorable to the nonmoving party, no reasonable jury could find that the works are substantially similar in idea and expression. Id. at 909-10; Frybarger v. International Business Machines Corp., 812 F.2d 525, 528 (9th Cir.1987).
 
 
 7
 The two-part test we generally employ to analyze substantial similarity was first enunciated in Sid & Marty Krofft Television Prods., Inc. v. McDonald's Corp., 562 F.2d 1157 (9th Cir.1977). The first part of the Krofft test, the "extrinsic test", focuses on similarity of ideas and calls for an objective analysis of specific criteria. Id. at 1164; Data East USA, Inc. v. Epyx, Inc., 862 F.2d 204, 208 (9th Cir.1988). The second part, the "intrinsic test", focuses on similarity of expression and asks whether the ordinary reasonable person would find "the total concept and feel of the works" to be substantially similar. Krofft, 562 F.2d at 1164; Data East, 862 F.2d at 208. For the purposes of its summary judgment motion, McDonald's concedes that its mask and the Pasillas mask share the same idea, that of a mask depicting a man in the moon. Accordingly, we are concerned only with the intrinsic test, i.e., whether the masks' expressions of that idea are substantially similar.
 
 
 8
 As an initial matter, Pasillas argues that a recent case in our circuit precludes summary judgment where two works are found to share a common idea and the only issue is whether their expressions of that idea are substantially similar. In Shaw v.
 
 
 9
 Lindheim, 908 F.2d 531 (9th Cir.1990), the district court had granted the defendant's motion for summary judgment in an action for copyright infringement of a script for a television program entitled "The Equalizer". We reversed, noting that although the district court correctly had determined that the ideas behind the works were substantially similar, it erred in not holding that such a determination necessarily created a genuine issue for trial as to whether the expressions of the ideas were similar. Id. at 538-39. Pasillas argues that because McDonald's concedes substantial similarity of the idea of the man in the moon mask, it was improper for the district court to grant summary judgment.
 
 
 10
 Shaw differs from the present case in two critical respects. First, its holding is explicitly limited to literary works. In the Shaw panel's words, the rule it announced is "that satisfaction of the extrinsic test creates a triable issue of fact in a copyright action involving a literary work." Id. at 537. Second, and more importantly, Shaw recognized and distinguished a line of cases involving works whose idea and expression are inseparable. Id at 537-38. It is this line of cases that the district court followed in our case and that controls its outcome.
 
 
 11
 The seminal case is Herbert Rosenthal Jewelry Corp. v. Kalpakian, 446 F.2d 738 (9th Cir.1971). There we faced a dispute between two makers of gold pins shaped like bees and encrusted with jewels. Reasoning from the axiom that copyright law protects not ideas but only the expressions of ideas, we held that copyright protection will not be afforded to a work whose idea is indistinguishable or inseparable from its expression of that idea. Id. at 742. We found that any similarity between the two makers' pins inevitably derived "from the use of jewel-encrusted bee forms in both." Id.
 
 
 12
 Krofft recognized the principle enunciated in Herbert Rosenthal Jewelry, noting that "[w]hen idea and expression coincide, there will be protection against nothing other than identical copying of the work." 562 F.2d at 1168. However, Krofft did not incorporate this principle into the basic two-part test. That incorporation came in Aliotti v. R. Dakin & Co., 831 F.2d 898 (9th Cir.1987), which involved a dispute between two manufacturers of stuffed toy dinosaurs. Because the parties' works shared the common idea of a stuffed toy dinosaur, the central issue was whether the works were substantially similar in expression. Integrating Herbert Rosenthal Jewelry into the Krofft test, the Aliotti court held that "no substantial similarity may be found under the intrinsic test where analytic dissection demonstrates that all similarities in expression arise from the use of common ideas." Id. at 901. It also noted the corollary principle that "elements of expression that necessarily follow from the idea" receive no copyright protection. Id. Based on these principles, the court concluded that the similarities between the toy dinosaurs--their postures, body designs, and cuddly softness--all derived from the idea of a stuffed toy dinosaur, and accordingly found no substantial similarity of expression. Id. at 901-02.
 
 
 13
 The Aliotti line of cases controls the present case.[2] The district court properly followed Aliotti in analyzing the similarities between the Pasillas mask and the McDonald's mask, see id. at 901, and identified four basic similarities: the crescent moon shape, the depiction of a human face in the center of the crescent, the white or off-white color, and the design enabling the mask to be worn over a person's head. We agree with the district court that all of these similarities derive from the common idea of a mask depicting the man in the moon. Pasillas simply cannot rely on these standard elements to satisfy the intrinsic test of substantial similarity of expression. See Aliotti, 831 F.2d at 901; see also Data East USA, Inc. v. Epyx, Inc., 862 F.2d 204, 208 (9th Cir.1988) (no copyright protection is afforded to elements of expression that are indispensable or standard in treatment of idea).
 
 
 14
 Apart from these non-protectable elements, the district court concluded that the masks are not at all alike, and we agree. The "total concept and feel" of the McDonald's mask, which depicts a stylish, youthful, carefree persona, is completely different from that of the Pasillas mask, which portrays a careworn, fatherly character. Accordingly, we affirm the district court's grant of summary judgment to McDonald's because no reasonable jury could conclude that the two masks are substantially similar in protectable expression.
 
 
 15
 Pursuant to 17 U.S.C. Sec. 505 (1988) and Fed.R.App.P. 38, McDonald's has requested sanctions against Pasillas for bringing this appeal. Section 505 authorizes us to award attorney's fees and costs to the prevailing party in a copyright infringement action where the action is frivolous or brought in bad faith. Bibbero Systems, Inc. v. Colwell Systems, Inc., 893 F.2d 1104, 1108 (9th Cir.1990). Similarly, Rule 38 authorizes us to award "just damages and single or double costs" to the appellee if an appeal is frivolous. McDonald's has presented no evidence that Pasillas brought his appeal in bad faith, nor can his appeal be deemed frivolous. "An appeal is frivolous if the result is obvious, or the arguments of error are wholly without merit." Wilcox v. Commissioner, 848 F.2d 1007, 1009 (9th Cir.1988). Determinations about substantial similarity are rarely obvious. The present case is no exception. Since we cannot say that Pasillas's arguments are wholly meritless, we reject McDonald's request for sanctions.
 
 CONCLUSION
 
 16
 The district court's grant of summary judgment in favor of McDonald's is AFFIRMED.
 
 
 
 [1]
 McDonald's thereby implicitly concedes, and we assume only for the purposes of this case, that masks can be copyrighted. Compare Masquerade Novelty, Inc. v. Unique Indus., Inc., 912 F.2d 663, 671 (3d Cir.1990) (finding animal nose masks to be copyrightable as sculptural works) with Whimsicality, Inc. v. Rubie's Costume Co., 891 F.2d 452, 455-56 (2d Cir.1989) (noting that clothes are not copyrightable and finding costumes not copyrightable as sculptural works)
 
 
 [2]
 Pasillas attempts to distinguish Aliotti and Herbert Rosenthal Jewelry on the ground that only natural objects, like dinosaurs and bees, can have standard features that necessarily follow from the idea. The man in the moon, he argues, is a mythical object without standard features. This apparent distinction between natural and mythical objects is irrelevant. An object or idea need not be real or scientifically verifiable in order for all of its various expressions to share standard or stock elements. See, e.g., Russ Berrie & Co. v. Jerry Elsner Co., 482 F.Supp. 980, 986 (S.D.N.Y.1980) (red suit, floppy cap, white trim, black boots, and white beard found to be features common to all renditions of Santa Claus and therefore insufficient to establish substantial similarity)