**GEORGE S. CHEN CORP.,**
a California corporation,
Plaintiff—Appellant,

v.

**CADONA INTERNATIONAL, INC.,**
a California corporation,
Defendant—Appellee.

No. 06–55536.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 7, 2007.

Filed Jan. 17, 2008.

**524**

Stanley L. Friedman, Esq., Stanley L. Friedman, Attorney at Law, Los Angeles, CA, David Alan Cooper, Esq., Law Offices of David Alan Cooper, Glendora, CA, for Plaintiff–Appellant.

Mitchell C. Tilner, Nina E. Scholtz, Esq., Horvitz & Levy, LLP, Encino, CA, John Henri Toohey, Esq., Bremer Whyte Brown & O'Meara LLP, Newport Beach, CA, for Defendant–Appellee.

Before: B. FLETCHER, REINHARDT, and RYMER, Circuit Judges.

## MEMORANDUM *

George S. Chen Corp. (GSC) appeals the summary judgment in favor of Cadona International, Inc., in an action for infringement of its copyrights on dolphin, frog, and moon/star wind chime ornaments, and on a stand-alone frog ornament. We affirm.

As GSC concedes, its dolphin and frog ornaments are "approximately true to life." It failed to identify any elements of the dolphin or frog that it selected that are not commonplace or dictated by the idea of a swimming dolphin or sitting frog sculpture. *See Satava v. Lowry,* 323 F.3d 805, 810 (9th Cir.2003) (noting the aspects of a glass-in-glass jellyfish sculpture upon which the creator relied, but concluding they were unprotectable as they were commonplace and typical of jellyfish physiology); *see also Herbert Rosenthal Jewelry Corp. v. Kalpakian,* 446 F.2d 738, 740 (9th Cir.1971) (noting that the plaintiff never identified the elements of the arrangement of jewels on top of a bee pin that were original). GSC's concept was to make a "cute" dolphin—with an open mouth and an uplifted, twisted tail which made it appear to be swimming—but these features necessarily follow from the idea of a swimming dolphin. *See Aliotti v. R. Dakin & Co.,* 831 F.2d 898, 901 (9th Cir.1987) (noting that a tyrannosaurus is commonly pictured with its mouth open, and that no reliance may be put upon similarity in expression resulting from the physiognomy of dinosaurs). There is no indication that the frog is anything but a stereotypical frog, sitting as a frog would sit in nature.

Although a combination of unprotectable elements may qualify, GSC points to no elements that, considered together, have a sufficient quantum of originality for copyright protection. *See Satava,* 323 F.3d at 811. Nor does GSC show any respect in which George Chen made choices that contributed a non-trivial, original feature. Accordingly, GSC has failed to show the quantum of originality that is required under *Satava* and *Aliotti* for even thin protection.

GSC contends that its moon/star ornament had "subtle differences" from the prior art of such ornaments, but nowhere said what those differences may be. It is thus impossible to tell whether the differences, if any, are "more than a 'merely trivial' variation, something recognizably 'his own.'" *Three Boys Music Corp. v. Bolton,* 212 F.3d 477, 489 (9th Cir.2000); *Kamar Intern., Inc. v. Russ Berrie and Co.,* 657 F.2d 1059, 1061 (9th Cir.1981) (recognizing that the mere fact that a toy chimp is based on a live model does not

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

deprive the author of the necessary amount of originality for copyright, "if he adds something original to its expression"); *cf. Pasillas v. McDonald's Corp.*, 927 F.2d 440, 443 & n. 2 (9th Cir.1991) (noting that the crescent moon shape, depiction of a human face in the center, and white or off-white color are standard, stock elements in treatment of the idea of a man in the moon object).

AFFIRMED.

B. FLETCHER, Circuit Judge, dissenting.

I respectfully dissent.

The defendant Cadona International, Inc. ("Cadona") concedes, and the district court found, that Cadona's frog, dolphin, and moon/star ornaments are identical to those made by the plaintiff George S. Chen Corp. ("GSC"). GSC owns copyright registrations for the works that Cadona has copied. Yet the majority holds that we should affirm summary judgment for Cadona because GSC failed to sufficiently identify any original elements of its works. That is not the law of this circuit or any other.

GSC's valid copyright registrations entitle its works to a presumption of originality. 17 U.S.C. § 410(c). Our law requires that to rebut this presumption of originality, there must be "*a showing on the part of the defendant* that the plaintiff's work is not original." *North Coast Indus. v. Maxwell, Inc.*, 972 F.2d 1031, 1033 (9th Cir. 1992) (emphasis added).[1] Cadona did not offer any evidence of its own to rebut that presumption, relying instead on the bare legal argument that under our decision in *Satava v. Lowry*, GSC's works do not merit copyright protection because they are based on items that exist in nature. 323 F.3d 805 (9th Cir.2003). *Satava*, which was not a summary judgment case, does not so hold. *Id.* at 812 ("We do not hold that realistic depictions of live animals cannot be protected by copyright."). It is true that in *Satava* the court found that copyright protection for items from nature does not extend to aspects of a work "resulting from [an animal's] physiology." *Id.* at 810. But this language from *Satava* does not empower the district court, nor this court, to act as fact-finder and arbiter of originality on summary judgment. *North Coast*, 972 F.2d at 1035 ("The plaintiff was entitled to have the validity of its copyright determined by a trier-of-fact."). That is especially the case where, as here, we are dealing with admitted knock-offs. 3 Melville B. Nimmer & David Nimmer, NIMMER ON COPYRIGHT, § 12.10 (2007) ("What if copying is found or assumed, but the defense is that plaintiff's work itself lacked originality because copied from prior sources? That inquiry *almost always involves a triable issue of fact*, therefore precluding summary disposition when one party seeks trial on the issue.") (emphasis added).

Even if Cadona had carried its burden on summary judgment—and it did not—contrary to the majority's suggestion, GSC placed in the record a declaration from GSC's president identifying artistic choices made in creating the ornaments sufficient to raise a triable issue of fact on originality. *Feist Publications, Inc. v. Rural Telephone Serv. Co.*, 499 U.S. 340, 345, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991) ("The vast majority of works make the grade

---

1. It is for this reason that the majority's reliance on *Herbert Rosenthal Jewelry Corp. v. Kalpakian*, 446 F.2d 738, 740 (9th Cir.1971) is seriously misplaced. *Rosenthal* was decided well before the passage of the Copyright Act of 1976, Pub.L. 94–553, 90 Stat. 2541 (1976), which brought into law the rebuttable presumption of originality conferred on registered copyrights by § 410(c).

quite easily, as they possess some creative spark, 'no matter how crude, humble or obvious' it might be.") (citation omitted).

The majority apparently shares the district court's subjective opinion that the plaintiff's works are simply too "stereotypical" to warrant copyright protection. Maj. op. at ——. But the Copyright Act does not allow copyright registrations to be invalidated on nothing more than a failure to conform to a particular judge's idiosyncratic notions of creativity. An artist or craftsperson can create a work based on an animal using his skill and artistry and imagination that is "original." He can copyright his creation. And if a defendant makes an exact copy of that work, that artist is entitled to have a jury decide whether or not his work is original enough. I respectfully dissent.