**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ARNAUD VERSLUYS, an
individual; INSTITUTE OF CLASSICS IN
EAST ASIAN MEDICINE (ICEAM),

        Plaintiffs - Appellants,

  v.

WHITE PINE CIRCLE LLC, a
Massachusetts limited liability
corporation; SHARON WEIZENBAUM,
Individually and in her official
capacity; NADINE ZAECH, an Individual,

        Defendants - Appellees.

No. 23-3982

D.C. No.
3:21-cv-01694-MO

MEMORANDUM*

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Argued and Submitted December 3, 2024
Portland, Oregon

Before: CALLAHAN, NGUYEN, and SUNG, Circuit Judges.

Dr. Arnaud Versluys and his company Institute of Classics in East Asian

Medicine ("Plaintiffs") brought claims of copyright infringement and breach of

---

     *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

contract against Sharon Weizenbaum, Nadine Zaech, and Weizenbaum's company, White Pine Circle, LLC ("Defendants"). The district court granted summary judgment in favor of Defendants on the ground that Plaintiffs waived "dispositive arguments as to both claims." We presume the parties' familiarity with the facts and do not discuss them in detail except as necessary to provide context and resolve the issues on appeal. We review a district court's grant of summary judgment de novo, *Desire, LLC v. Manna Textiles, Inc.*, 986 F.3d 1253, 1259 (9th Cir. 2021), and may affirm "on any basis supported by the record," *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1047 (9th Cir. 2009). We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

1.  We affirm summary judgment for Defendants on the copyright claim because Plaintiffs failed to "designate *specific facts* showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (emphasis added). More specifically, Plaintiff did not "properly address [Defendants'] assertion" that the allegedly infringing PowerPoint slides are substantially similar to Plaintiffs' copyrighted works. *See* Fed. R. Civ. P. 56(e). Plaintiffs argue that their expert reports establish a genuine dispute of material facts, namely, whether there is substantial similarity between the copyrighted PowerPoint slides and Defendants' slides. *See Swirsky v. Carey*, 376 F.3d 841, 844 (9th Cir. 2004). But Plaintiffs repeatedly failed to identify "with reasonable particularity the evidence

that preclude[d] summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996); *id.* ("[I]t is not our task, or that of the district court, to scour the record in search of a genuine issue of triable fact."). And Plaintiffs' expert reports do not establish even some "indicia" of substantial similarity. *Id.* (quoting *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1472 (9th Cir. 1992)).

For starters, the five examples of "duplicated material" raised in Plaintiffs' first expert report concern information about pulse diagnosis, but such information is not protected by the Copyright Act. 17 U.S.C. § 102(b). Only the *expression* of such information in Plaintiffs' copyrighted PowerPoint slides is protected. *See Bikram's Yoga College of India, L.P. v. Evolation Yoga, LLC*, 803 F.3d 1032, 1036 (9th Cir. 2015); *Sid & Marty Krofft Television Prods., Inc. v. McDonald's Corp.*, 562 F.2d 1157, 1163 (9th Cir. 1977) ("It is an axiom of copyright law that the protection granted to a copyright work extends only to the particular expression of the idea and never to the idea itself.").

Plaintiffs' rebuttal expert report also does not raise a triable issue. First, the report points to several teaching materials that are not part of Plaintiffs' copyrighted works, such as the PowerPoint slides discussing the "Kai/He/Shu" concept or those discussing the "Three Layers." These materials are not before us because "registration is akin to an administrative exhaustion requirement that the owner must satisfy before suing to enforce ownership rights." *Fourth Est. Pub.*

23-3982

*Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. 296, 301 (2019); 17 U.S.C. § 411(a). Second, the report claims that Defendants use the "same classical [Chinese] quotes" and "same pedagogy" as the copyrighted works. Even assuming Plaintiffs are entitled to copyright protection for their compilation of quotes and information "as a whole," 17 U.S.C. § 101, such protection would be "thin" and actionable only if Defendants used "the same selection and arrangement" as Plaintiffs' compilation. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 348–49 (1991); *Hanagami v. Epic Games, Inc.*, 85 F.4th 931, 947 (9th Cir. 2023) (explaining that infringement of a "thin" copyright occurs "only if another work is 'virtually identical' to it") (quoting *Mattel, Inc. v. MGA Ent., Inc.*, 616 F.3d 904, 914 (9th Cir. 2010)). Plaintiffs' expert concedes that Defendants translate the classical quotes "slightly differently" than how they appear in Plaintiffs' copyrighted works, and that Defendants "do[] not use all clauses that Versluys does." Plaintiffs thus cannot establish infringement under the compilation theory.

Finally, although similarities exist between Defendants' diagrams on the physiology of "the Three Burners" and those in Plaintiffs' copyrighted works, Plaintiffs fail to explain how Defendants could "rearrange the design so it is dissimilar." *See Herbert Rosenthal Jewelry Corp. v. Kalpakian*, 446 F.2d 738, 740 (9th Cir. 1971). Defendants' diagrams use concentric shapes and arrows to explain

physical processes, so finding infringement would effectively give Plaintiffs a monopoly on expressing these processes in diagrammatic format. *See Frybarger v. Int'l Bus. Machines Corp.*, 812 F.2d 525, 530 (9th Cir. 1987) (finding no infringement where similarities in expression are "indispensable" due to "technical requirements" of the medium); *see also Evergreen Safety Council v. RSA Network Inc.*, 697 F.3d 1221, 1229 (9th Cir. 2012) (*scenes a faire* doctrine applies due to "limited ways to portray [] basic scenarios" of dangerous driving situations and "simplistic nature of [] diagrams"). Because Plaintiffs have failed to show that these similarities are not "inevitable," *Kalpakian*, 446 F.2d at 742, it appears that monopoly protection for such an idea or concept "can only be secured, if it can be secured at all, by letters-patent." *Bikram's Yoga*, 803 F.3d at 1037 (quoting *Baker v. Selden*, 101 U.S. 99, 105 (1879)).

2.      We also affirm summary judgment for Defendants on the breach of contract claim because the Proprietary Rights Agreement ("Agreement) that Defendants were required to sign is an illegal restraint of trade. Under Oregon law, a contract in restraint of trade is enforceable only if it meets three requirements: (1) it must be "partial or restricted" in respect to "time or place;" (2) it must be on some good consideration; and (3) it must be reasonable and not "interfere with the interests of the public." *Nike, Inc. v. McCarthy*, 379 F.3d 576, 584 (9th Cir. 2004) (quoting *Eldridge v. Johnston*, 245 P.2d 239, 250 (Or. 1952)).

The Agreement meets neither the first nor third requirement.

The Agreement states that "all information provided during [Dr. Versluys' pulse diagnosis training series] is proprietary information" and that participants in the series cannot "disclose the proprietary information . . . under any circumstances or by any means, to any third person without the express written consent of Dr. Arnaud Versluys." The Agreement therefore has no limiting principle as to the length of time or place in which it applies.

The Agreement also unreasonably interferes with the interests of the public because it deprives the public of accessing pulse diagnosis. *See Eldridge*, 245 P.2d at 250–51. Although it states that participants "may use the proprietary information for their own personal practice," the Agreement simultaneously prohibits participants from disclosing proprietary information "under any circumstances or by any means, to any third person without the express written consent of Dr. Arnaud Versluys." Contrary to Plaintiffs' reading of the Agreement, the contract does not *actually* allow participants to use proprietary information in their personal practice. The Agreement is therefore unreasonable in scope.

Plaintiffs also argue that Oregon law favors severing unlawful parts of a contract and that the district court erred in not doing so. Under Oregon law, "when an 'agreement is partly legal and partly illegal, if the legal may be separated from

23-3982

the illegal, the legal part will be enforced.'" *Montara Owners Ass'n v. La Noue Dev., LLC*, 353 P.3d 563, 568 (Or. 2015) (quoting *Eldridge*, 245 P.2d at 251). Here, however, there is no "separable provision" that would allow the rest of the Agreement to be legally enforceable, as the first clause of the Agreement provides that *all* information is proprietary, and both the second and third clauses prohibit disclosure of this information "without the express written consent of Dr. Arnaud Versluys." *See W.J. Seufert Land Co. v. Greenfield*, 496 P.2d 197, 199 (Or. 1972) (en banc).

The judgment of the district court is **AFFIRMED**.